FOR THE

# COUNTY OF WALDO,

# 1850.

PRESENT:

Hon. JOHN S. TENNEY, LL. D. ⎫
Hon. SAMUEL WELLS, ⎬ ASSOCIATE JUSTICES.
Hon. JOSEPH HOWARD, ⎭

## HANLY *versus* MORSE & al.

By the Rev. Stat., in order to give effect to an unrecorded conveyance of land, a subsequent grantee must have had *actual* notice of such conveyance.

Prior to the Rev. Stat. a visible *possession* of land under a deed, though unrecorded, was *constructive* notice of title.

As against a subsequent grantee, such constructive notice was equivalent to a registry of the deed.

This rule of constructive notice is still in force, *as to deeds made prior to the Rev. Stat.*, even against conveyances made *since* the Rev. Stat.

Thus A, to whom land was conveyed, prior to the Rev. Stat., and who, though his deed was unrecorded, was in the visible possession at the time of a conveyance from the same grantor, made *subsequent* to the R. S., is entitled to the protection of the rule, which was in force when he took his deed, and which made constructive notice equivalent to a registry.

The possession of the representatives of A, whether as tenants, grantees or heirs, must have, upon a subsequent grant, the same effect, as if he was himself in possession, when such subsequent grant was made.

Hanly v. Morse.

WRIT OF ENTRY. Many title deeds, pertaining to the demanded premises, were introduced by the parties. But the decision of the court brought but two of them into particular examination.

1. A deed from Daniel F. Harding to the demandant, dated, acknowledged and recorded in 1847.

2. A deed from the same Daniel F. Harding to Walter Blake, dated and acknowledged in 1840, and recorded in 1848. Under this deed the tenant deraigned title in himself.

The jury found specially that Blake, at the time of his death, (which occurred in 1846,) was, by his tenants, in possession of the premises under his said deed; also that his representatives were in possession at the time the demandant took his deed from Harding; and also that the demandant, when taking his deed, had no actual notice of said conveyance from Harding to Blake.

*Kelley*, for the demandant.

The unrecorded deed to Blake availed nothing as against the demandant, a subsequent grantee, who had no *actual notice* of such a conveyance. It is now settled that nothing but *actual* notice will defeat such a subsequent conveyance. *Spofford* v. *Weston*, 29 Maine, 140. In that case, this rule was held applicable to deeds made prior to the Rev. Stat.

In Massachusetts, under a statute of similar phraseology with our Rev. Stat. it is held that possession alone is not equivalent to notice. 11 Metc. 244.

*Lowell*, for the tenants.

The opinion of the court, (TENNEY, J. dissenting,) was read by

WELLS, J. — Walter Blake, being the owner of the demanded premises, on the thirteenth of June, 1827, by his deed of that date, which was recorded on the twenty-seventh of the following August, conveyed them to Daniel F. Harding. Blake was in the actual possession at the time of his conveyance, and retained it until his death on the twenty-third of

August, 1846. Harding, on the eighth of September, 1840, re-conveyed the same premises to Blake, but his deed was not recorded until the nineteenth of June, 1848. On the twelfth of November, 1847, Harding conveyed them to the demandant, by deed recorded on the fifteenth of the same November. The tenants claim title under Blake and his representatives.

The jury have found, in answer to a question put to them by the court, " that Walter Blake was in possession of the demanded premises at the time of his death, by his tenants, under the deed of Daniel F. Harding, of September 8, 1840, and that his representatives were in possession at the time the demandant took his deed from D. F. Harding of November 12, 1847."

The possession of the representatives of Blake, whether as heirs, tenants or grantees of him, must be viewed in the same light, as if he had held it himself when the demandant took his deed.

The deed from Harding to Blake was made before the Revised Statutes went into operation. And at that time the law was well settled, that the visible possession of an improved estate by the grantee under his deed is implied notice of the sale to subsequent purchasers, although his deed has not been recorded. *Matthews* v. *Demerritt*, 22 Maine, 312. So that the possession of Blake under his deed from Harding afforded him the same protection, by the law then existing, as if it had been recorded.

But the Revised Statutes, chap. 91, sect. 26, introduced a new principle, and abolished the constructive notice arising from possession under a deed not recorded, and required actual notice of such deed to a subsequent purchaser, to prevent him from holding the estate.

This statute cannot be understood as applying to deeds made before its passage ; its language does not require such construction. If the Legislature had intended that those who were quietly reposing on their titles, which were then entirely valid, by the law as well known and understood, should lose

that protection, and that they could not be secure from sub-sequent purchasers under their grantors, unless their deeds were recorded, it is believed, that a more explicit expression of such intention would have been made. When an estate is fully vested in the holder of it, if it should be required by the Legislature, that he should perform some further act in order to retain it, such requisition would doubtless be declared in clear and unambiguous terms. İt cannot be fairly deduced from the provisions of the statute under consideration.

In *Spofford* v. *Weston*, 29 Maine, 140, no constructive notice arising from actual possession on the part of Johnson or Spofford was set up to defeat the operation of the deed to Weston, but the question presented for decision was whether Weston had actual notice of the deed from Butler to Johnson, under whom Spofford claimed.

It is agreed by the parties, that if upon the documentary evidence and the finding of the jury on the special questions presented to them, the demandant is not entitled to recover, the verdict is to be set aside and a nonsuit entered.

The *documentary evidence shows a valid deed from* Hard-ing to Blake, prior in time to the deed of the demandant from the same grantor, and that the tenants hold under Blake and his representatives ; and the jury have found, that Blake was in possession at the time of his death, by his tenants, un-der the deed of Harding, and that his representatives were in possession at the time the demandant took his deed from Harding. And as the evidence must be viewed in reference to the law as it was when Blake took his deed, it follows that a nonsuit must be entered.

Dissenting opinion by

TENNEY, J. — The statutes of Massachusetts at the time of the separation of this State from that Commonwealth, and for a long time previous, required that a deed to be valid against persons, excepting the grantor and his heirs, &c., should be acknowledged and recorded. The statutes of this State, pass-ed in 1821, are similar upon the same subject. Actual notice

Hanly *v.* Morse.

of a conveyance or an implied notice, arising from an open and visible occupation by one holding under an unregistered deed, was not regarded in all respects as a substitute for the record of it, but precluded one, who had taken a deed subsequently and caused it to be recorded with such notice, from asserting a title under it against the prior grantee, who had omitted to give notice of the conveyance to himself by the registry of his deed. This was not upon the ground, that the first purchaser had complied with the legal requirements to make valid his title, but solely on account of a disability in the second purchaser, to avail himself of the omission of the first, by reason of the *fraud*, in taking a conveyance, with the evidence before him, express or implied, that the title had passed from his grantor.

Judge Trowbridge, in his reading upon the provincial statute of Massachusetts Bay, "for registering deeds and conveyances," published in 3 Mass. 573, says, "If the second purchaser had notice of the first conveyance, before he purchased, no estate would pass to him, by the second deed, though recorded before the first, because it is *fraudulent.*" Again, "If the bargainee, upon the execution of the deed, enters by force of it, and continues in possession of the land, taking the profits thereof, without recording his deed, there can be no purchaser of that land, without notice in the sense of the law ; because the law deems such entry and occupation sufficient evidence, of the alteration of the property. And the bargainor having neither the real nor apparent right of possession, or of property, is not capable of conveying the land ; and a deed of the land from him to a third person is by the common law, accounted fraudulent and void." " The registry is designed only to give notice, in order to prevent purchasers being imposed upon by prior conveyances; which they are in no danger of, when they have notice of them." Page 576.

Lord Mansfield, in the case of *Worsley* v. *DeMattos*, 1 Bur. 474, says, " valid transactions as between the parties may be fraudulent, by reason of covin, collusion, or confed-

eracy, to injure a third person." And as an instance, " A buys an estate from B, and forgets to register his purchase deeds. If C, with express or implied notice of this, buys the estate for a full price, and gets his deed registered, this is fraudulent, because he assists B to injure A."

In *McMechan* v. *Griffing*, 3 Pick. 149, it is said in the opinion of the court, " It was also determined, and it is equally well settled, as the sound construction of the statute, that as the registry was designed only to give notice, and thereby prevent purchasers from being imposed upon, by prior conveyances, any notice of the first conveyance to a *subsequent purchaser*, before his purchase, is equivalent to the registry of his deed. If the subsequent purchaser, thus affected with notice, should nevertheless complete his purchase, intending to get his deed recorded before the first purchaser, and thereby to hold the estate, it would be a manifest *fraud* upon the first purchaser, and therefore void as to him."

It was expressly held by this court, that an entry under a deed not recorded, followed by continued visible occupancy, is only implied notice of a change of property, but is not equivalent to the registry of the deed. *Hewes* v. *Wiswell*, 8 Greenl. 94. The court say in this case, " If it were equivalent to the registry of a deed, then it would follow as a legal consequence, that a fraudulent purchaser, with notice of a prior unregistered deed, and his innocent grantee without such notice, who had paid a full consideration, and placed his deed upon record, would both stand on the same ground, and neither of them would hold the land against the first purchaser, who entered under his deed, and openly possessed and received the profits, without recording it ; but such a consequence is utterly inadmissible ; for it is unquestioned law, that in such a case, the innocent purchaser could hold the title, against every one."

From the citations already made, it is a *continued* possession of the first purchaser, existing before and at the time, the second purchaser takes his deed, that can be treated as a notice

to the latter, and which will affect him as guilty of a fraud upon the former.

And Judge Trowbridge remarks, " While the bargainee is in the visible possession and improvement of the lands, &c., the bargainor is no more capable of making a second conveyance thereof to another, than a person of unsound mind would be ; so that a bargainee in fee, who, upon the execution of the deed of conveyance, enters by force of it, and *continues* in possession, needs not the aid of the deed, or of the statute of uses, to enable him to hold the land against a second purchaser." 3 Mass. 582.

If the possession of a purchaser under his unrecorded deed was abandoned, or suspended at the time a deed was given by the same grantor to another purchaser, the previous occupancy did not affect the second grantee, for he was not presumed to have had knowledge of the land and its possession till he was about to become interested in it, and could not have been charged with a fraud, without actual notice of the prior deed, upon one, who had neither recorded his deed, or held possession under it at the time. And no decision has gone farther, than to maintain that an occupation at the time of the execution and delivery of the second deed, was implied notice of the first.

The R. S. chap. 91, § 26, provide, that no conveyance, &c. shall be good and effectual against any person, other than the grantor, his heirs, devisees, and persons having actual notice thereof, unless it is made by deed recorded as provided in this chapter. This provision establishes the rule, that one about to become the purchaser of real estate, was under the necessity of looking only to the public records, to ascertain, whether the title was in the person, who proposed to convey to him. Finding by the records, that the title was where it was represented to be, he would be protected by the title under the deed, unless he had actual notice, that the title had passed to another. It was undoubtedly intended to give to the grantee of real estate, who had omitted to do, what the law prescribed as a prerequisite, to make his title perfect in

any event, no longer the opportunity to overcome the effect of his own negligence, by showing a fraud in a subsequent purchaser, by implied notice only. The evidence upon the question, whether there was a visible occupancy by one holding by virtue of an unrecorded deed at any particular time, might be conflicting and uncertain, inasmuch as the possession for various causes would often be of an equivocal character. And to allow parol evidence in the testimony of witnesses, whose memory might be imperfect after a considerable time, or whose integrity might be doubtful, to control the title as exhibited by the records, would tend to render insecure title to real estate, which it has always been the policy of the law generally, to make certain by evidence, which time could not change, especially when such testimony should be for the purpose of defeating a title, perhaps honestly acquired for a full consideration, by proof at most of constructive fraud.

The present statute has introduced no new provision, requiring different acts or forms in the transfer of real estate ; but has confined the evidence of fraud within narrower limits when the same land has been conveyed by a second deed recorded earlier than the first. It informs those, who neglect to record their deeds, that they cannot avail themselves of a species of proof to show a fraud in a subsequent purchaser of the land conveyed to them, which was before open to them. This proof did not show a title in themselves, perfect in every event, but was competent for the purpose of establishing an actual fraud in one, who would take from them, the benefit of their unrecorded deeds, or who was guilty of a legal fraud at least, in taking a position under a deed to contest their title.

The Revised Statutes of Massachusetts passed in 1836, ch. 59, sect. 28, which is identical with the one of this State, chap. 91, sect. 26, has been the subject of examination by the Supreme Judicial Court of that Commonwealth, in the case of *Pomroy* v. *Stevens*, 11 Metc. 244. In the opinion it is said, " Since the Revised Statutes, chap. 59, sect. 28, no implied or constructive notice of an unregistered deed, can

Hanly v. Morse.

avoid a subsequent deed or attachment." "It is not sufficient to prove facts that would reasonably put him on inquiry. He is not bound to inquire, but the party relying on an unregistered deed against a subsequent purchaser, or attaching creditor, must prove that the latter had actual notice, or knowledge of such deed." In this State a similar construction is given by this court, to the provision, which we are now considering. *Spofford* v. *Weston*, 29 Maine, 140.

But in the former of the decisions just referred to, the origin of the claims of both the contending parties was subsequent to the Revised Statutes of Massachusetts; and in the latter the one party claimed under a deed from an individual made before the Revised Statutes of this State, and the other party by a deed from the heirs of the same individual, made after the Revised Statutes, still there was no evidence that possession had been taken of the premises under the first deed, and continued till the time, when the last was delivered; and hence it was contended in argument that neither are in point. And it is insisted on the part of the tenants in this action, that this provision in the R. S. must be construed as prospective only in its operation, and the rights of a party, who took a deed, before the Revised Statutes took effect, and went into possession under it, and continued that possession, till after the passage of those statutes, and was in visible occupancy of the land, when another took a deed of the premises from the same grantor, and caused it to be recorded, the latter deed being also subsequent to the Revised Statutes, the former purchaser will hold the land, although his deed was not registered till after that to the second purchaser.

If the former grantee in the case supposed had done all, which was required to make perfect his title in any event, the right thus acquired could not be taken away by any new provision in the statute. But the delivery of a deed, and an open and visible occupancy under it, instead of its registration, we have seen were not in all cases equivalent to the delivery and recording the same. Such deed, delivery and possession, would be effectual to secure the title, against a subsequent

purchaser, who took his deed and caused it to be recorded before the Revised Statutes took effect. But when the second purchase is made afterwards, the facts are · materially changed, and the question is, whether the old law is to apply to the second purchaser, instead of the new, or in other words, is the first purchaser to have all the benefit of the old law, against the second purchaser, and the latter be treated as having committed a fraud upon him, when he did all, which the statute in force at the time of his purchase seemed to require ?

The question is not whether the deed to the first purchaser was sufficient or otherwise for all the purposes of a conveyance, capable under the statute and other legal requirements of passing a title ; but it respects entirely the notice to subsequent grantees, holding deeds under the same grantor of the same premises, and attaching creditors ; and the effect of such notice.

Down to the time when the Revised Statutes took effect, in the case supposed in the tenant's proposition, the title of the first purchaser was in fact perfect, though he had failed to do all, which might be necessary, under a different state of facts, for his security ;˙ and his omission exposed him to no loss of his purchase. " The estate, as between the parties to the deed, passed immediately on its delivery to the grantee ; and when recorded it would be rendered valid, from the beginning, by relation back, to all intents and purposes, unless the grantor in the meantime, should have conveyed the estate to a subsequent *bona fide* purchaser, or it should have been attached, or otherwise incumbered as his property." *McMechan* v. *Griffing*, before cited. To that time, there having been no other conveyance of the premises, the possession taken under the deed was wholly without effect upon the title, as there was no one, who could contest his right, and it must be treated in the case as a perfect nullity, inasmuch as it was not notice to one, who became a purchaser after the Revised Statutes, more than a possession, which had been abandoned before the delivery of a deed to a second purchaser. If no

possession had been taken under a deed, delivered before the Revised Statutes, while the former statutes were in force, could an occupancy begun and continued afterwards, prevent the operation of a second deed duly recorded? It is believed, that there can be but one answer to this question. It could not have been the design of the Legislature which enacted the Revised Statutes, to allow a possession, taken for the first time, long after they were in force, under a deed delivered before their operation, and never recorded, to be a notice to a subsequent purchaser, after the new statute, who recorded his deed, and defeat the title under it, because obtained by fraud. And if the possession taken under the deed, before the Revised Statutes, could not be notice to one, who had not assumed at that time to have acquired any interest in the land, that possession, continued subsequently, could have no more effect, than it would have, had it commenced after the Revised Statutes became the law of the State.

The second purchaser, therefore, being a stranger to the land during the continuance of the former law, and not affected by the possession of the first, till he took his deed, the new statute comes in for his protection, as in all cases under it, and declares that implied or constructive notice shall have no effect upon his title.

The present statute was evidently intended as a protection to all, who may receive deeds, after it took effect, against claims of which they had no other notice, than the visible occupancy of one, who had in fact a deed from the former owner. If possession alone requires an investigation by one negotiating for a purchase, to ascertain whether this possession run back to an earlier period than that, when the new statute took effect, such inquiry would probably be followed by actual notice of a deed, if one was taken, to the person in possession, and the restrictive provision in the statute would be of very little practical benefit.

The title to real estate is not made to depend upon a new provision, differing from the former statute, but merely operates

upon the remedy against a conflicting claim, by taking from a party certain facts as evidence which formerly were such, upon a question of notice to a grantee of a former deed from his grantor to another person.

It certainly must be immaterial in effect, whether former occupancy which was abandoned before a second deed was taken, failed to be notice to the last purchaser, by reason of the abandonment, or whether by a positive statute, it ceased to be notice, and evidence of fraud, if he should take a deed while it continued.

The demandant took his deed from Daniel F. Harding on November 12, 1847, and caused it to be seasonably recorded. He had no actual notice of the deed from the same grantor to Walter Blake, under whom the tenants claim, dated on September 8, 1840, and recorded subsequently to the one to the demandant. Walter Blake went into possession under his deed, and so continued till the time of his death; and that possession was retained by his representatives till after the deed which is the foundation of the demandant's title. This possession was not such a notice to him, in my opinion, and for the reasons given, as to render him guilty of fraud in obtaining his deed. It was good and effectual to pass the title, under the law, which I think applicable to this case. I am constrained, therefore, reluctantly to dissent from the opinion, which has the concurrence of a majority of the court, which heard the arguments in this case.