RUFUS K. PORTER, *Adm'r, versus* SOLOMON C. SEVEY.

Upon the question whether a deed unrecorded, should take precedence of a deed recorded, the judge having instructed the jury in the language of the statute, that the tenant must have *actual notice* of such prior conveyance, he may well decline a request to instruct that the notice must be such as men would usually act upon in the ordinary affairs of life.

Such notice should be so express and satisfactory to the party, that it would be a fraud in him subsequently to purchase, attach, or levy upon the land to the prejudice of the first grantee. The Revised Statute, chap. 91, sec. 26, controls the construction that the possession of the grantee alone, if open, continued and exclusive, would be sufficient inference in law, of notice.

The evidence, from all the circumstances, must be such as to give the jury reasonable satisfaction that the second purchaser had notice of the prior deed before he purchased.

EXCEPTIONS were taken to the rulings of HATHAWAY, J., and the evidence was reported on a motion for a new trial.

This was a writ of entry, wherein the demandant claims the western half of a certain farm in Whiting.

The presiding justice instructed the jury that the deeds put into the case by the defendant, of Samuel Ackley to Ralph Ackley, dated December 13th, 1839, and that of Ralph Ackley to the defendant, dated October 3d, 1849, make a record title in the defendant which must prevail, unless the deed from Samuel Ackley to Ralph Ackley is shown to be fraudulent and void, and the defendant was a party to, or had knowledge of the fraudulent transactions. If the jury should be satisfied from the evidence that at the time said deed was executed and delivered, Samuel Ackley was indebted to a larger amount than he could pay, and that the deed was a voluntary conveyance without any consideration, designed to delay or defeat creditors, it would be void as against creditors of the defendant having a knowledge of the situation of the grantee, and the fraudulent purpose of the conveyance, and he could stand in no better condition than the

grantee of Samuel Ackley, and could not claim against the creditors of Samuel Ackley or subsequent *bona fide* purchasers for a valuable consideration, or unless there was a reconveyance from Ralph Ackley to Samuel Ackley of the demanded premises and the defendant had actual notice of such reconveyance prior to the time of taking his deed from Ralph Ackley. The plaintiff requested the presiding judge to instruct the jury that if the conveyance from Samuel Ackley to Ralph Ackley was *bona fide* and valid, and there was a reconveyance of the western half of the farm from Ralph to his father on May 7, 1842, and Sevey had such notice of its existence as men would usually act upon in the ordinary affairs of life, the mortgage would be good and Sevey's deed could not prevail against it; but the presiding judge declined to give this instruction.

A verdict was returned for the tenant.

*J. Granger*, counsel of the demandant.

Exceptions and motion to set aside verdict.

1. The presiding judge should have given the instruction requested by demandant's counsel; at least some instruction should have been given to guide the jury in their deliberations upon the point of "*actual notice*" by the tenant of the deed, Ralph Ackley to his father.

Actual notice may be inferred from circumstances as well as any fact, however important, not required by law to be in writing, and circumstances are often more cogent than the positive testimony of a witness.

The language of the instruction requested was taken from the instruction given in the case, Curtis v. Mundy, 3 Met., 405, under a similar statute in Mass., which instruction was in that case held to be correct.

The circumstances shown in the case at bar, from which a jury might infer actual notice to the tenant of the deed in question, were very strong. There can be scarcely a doubt that the jury understood from the instruction given, that they must find the actual presence of the defendant at the execu-

tion of the deed at Lowell & Dunn's office, and that he actually saw it executed and delivered. ·For want of instructions sufficiently explicit, the court will grant a new trial, if it be seen that there is good reason to believe that justice has not been done by the verdict.

2. The instructions given as to the record title in the case, were erroneous; for the tenant instead of exhibiting a perfect defence to the *prima facie* case made out by the demandant, failed to show any legal defence for the following reasons:

Samuel, after his deed of general warranty to Joseph Cutler, of May 7th, 1842, recorded May 9th, 1842, was estopped to deny that he was seized at that time of the demanded premises, and that *that* deed conveyed a good title; and the grantor, being and continuing in possession became the tenant at will of Cutler. Currier v. Earl, 13 Maine R., 216; White v. Patten, 24 Pick, 324. And Sevey, (the tenant) coming into possession under a deed of general warranty from Samuel Ackley, dated July 1, 1842, is privy in estate, and equally estopped. By this deed Sevey acquired Samuel Ackley's right in equity to redeem the mortgaged premises of Cutler, and became Cutler's tenant at will. White v. Patten, before cited; Treviman v. Lawrence and al., 1 Salk., 276; Coe v. Talcott, 5 Day 58; Fairbanks v. Williams, 7 Greenl., 97; Carson v. Astor, 4 Peters, 83; Hamblin v. Bank of Cumberland, 19 Maine R., 66; Haines v. Gardner, 10 Maine R., 383; Hill v. West, 8 Ham, 222; Pike v. Galvin, 29 Maine R., 183.

A party cannot set up a title adverse to that under which he acquired the possession. Charles v. Jones, 4 Dana, 479; Mellen v. Shackleford, Ib., 264; Jackson v. Walker, 7 Cow., 637; Mosher v. Reding, 12 Maine R. 198.

So long as the conveyance exists, and the grantee is not evicted from the land, he is precluded from disputing the title of his grantor. Bliss v. Smith, 1 Ala., 273; 1 Sup. U. S. Dig., 652, pp. 28, 29, 30.

The tenant (Sevey) had actual as well as constructive
34

notice of the mortgage under which the demandant claims. If the demandant had instituted this action at any time after the assignment of the mortgage to him, and prior to October 3, 1849, the date of the deed from Ralph Ackley to the tenant, there would not have been the slightest pretence of any defence to the action.

The estoppel is not affected by that deed. Ralph Ackley was also estopped to dispute Sevey's and demandant's title. Sevey's, by permitting his father to sell the land to Sevey, and the land to go into his possession without objection from him. Hatch v. Kimball, 16 Maine R., 146.

The tenant had enjoyed quiet and undisturbed possession of the land for seven years under his deed, knowing the existence of the mortgage before he purchased, having from Mr. Porter seventy dollars to stop the sale of the equity of redemption only seven days prior to the date of his deed from Samuel Ackley. Ralph Ackley set up no claim to the land and was estopped as above said.

The tenant sought him to purchase, for a nominal sum, (as may be inferred from the circumstances,) for the evident purpose of defeating the demandant's claim.

The instruction requiring the jury to find that Samuel Ackley " was *owing debts more than he could pay,*" in order to make his deed to his son Ralph, if without consideration, fraudulent and void, was erroneous. This farm was all the property he had, not by law exempted from attachment. He took the poor debtor's oath and disclosed no property. Nor did it appear that in the mean time he had sold any. If there was an intention to hinder, delay and defeat creditors, the conveyance was fraudulent, notwithstanding the grantor might not have owed more than he could pay without resorting to the land. It was surely fraudulent if the conveyance was a voluntary one, without consideration, although the farm might be worth double the amount of his debts, unless he had property enough to pay his debts, exclusive of the farm. But the farm was all that he had not exempted.

*B. Bradbury*, counsel for the defendant.

The demandant claims to recover in this action by virtue of a mortgage deed (dated May 7, 1842, recorded May 9, 1842,) from Samuel Ackley to Joseph Cutler, and by Cutler assigned to him on the 26th of March, 1846.

But at the time of the execution of the mortgage and assignment, the record title to the premises was in Ralph Ackley, to whom Samuel Ackley had conveyed on the 13th of December, 1839.

The tenant claims title under a deed from Ralph Ackley to him dated October 3d, 1849, duly recorded.

This makes a perfect record title in the tenant, and so the presiding judge instructed the jury.

To avoid the effect of this title the demandant contended that the deed from Samuel Ackley to Ralph Ackley was fraudulent as against creditors, and that the tenant was a party to or had knowledge of the fraud, and so could not avail himself of his title under Ralph Ackley.

·This question was submitted to the jury under proper instructions from the judge, and decided in favor of the tenant.

The demandant further contended that there had been a reconveyance of the premises from Ralph Ackley to Samuel Ackley, prior to the mortgage to Cutler, and that the tenant had notice of such reconveyance before his purchase of Ralph Ackley, and so was precluded from availing himself of his title under Ralph. But there was no record of any deed from Ralph to Samuel, nor was any deed produced.

Upon this point the presiding judge instructed the jury that such a position could not be successfully maintained unless the tenant had *actual notice* of such reconveyance prior to the taking his deed from Ralph Ackley.

The instruction was given in the language of the statute, R. S., chap. 9, sec. 26.

It should have been more strongly stated for the defendant, because the judge might have added consistently with

legal principles that the burthen of proof was upon the demandant to show such notice to the tenant.

The demandant must show actual notice.

In the case of Pomroy v. Stevens, 11 Met., 244, the court say that it is not sufficient to prove facts that would reasonably put him on inquiry. He is not bound to inquire, but a party relying upon an unregistered deed against a subsequent purchaser, an attaching creditor must prove that the latter had *actual notice or knowledge of such deed."*

This case is cited by WELLS, J., in the case of Spofford v. Norton, 29 Maine R., 146, and adopted as the true construction of the statute of this state.

In the case of Hanley v. Morse, 32 Maine R., 289, the same construction is reasserted.

The authorities are uniform in the cases decided by this court, in the use of the language, that there must be actual notice or knowledge of the existence of an unregistered deed, in order to affect a subsequent record title.

The terms notice and knowledge, as here used, are synonymous; knowledge of the existence of a deed is actual notice, and there can be no actual notice without knowledge.

The question as to what state of facts would establish actual notice, was for the jury to determine, and was determined by them in favor of the defendant.

This instruction was correct, but less favorable to the tenant than it might legally have been made.

2. But the demandant's counsel requested the presiding judge to instruct the jury, *that actual notice is such notice as men would naturally act upon in the affairs of life.* When the language of the presiding judge is plain, clear and explicit, following the words of the statute, which are equally plain, clear and explicit, he cannot be properly called upon to go any further by way of illustration or supposition of cases.

Now what can be plainer than the meaning of the words " actual notice?" The language of the requested instruction does not change the meaning of those words, nor does it elucidate their meaning.

A judge *may* illustrate a principle of law in his charge to a jury, but he is not required to do so, if the principle be clearly stated to the jury. This request was made upon the strength of the case of Curtis v. Munday, 3 Met., 405. In that case, the presiding judge, in charging the jury, illustrated his views of the law by examples, which were made the grounds of exception, and the court sustained the verdict, because the evidence was plenary of " actual notice."

It is one thing to sustain a verdict under such instructions, quite another to set aside a verdict because the presiding judge saw fit to state the law, without the illustrations given in another case by another judge.

But in the latter case of Pomroy v. Stevens, the court say there must be *actual notice or knowledge of the deed*, and such is the law of this state.

The request was properly refused for another reason. There was no evidence in the case to form a basis for the request. The defendant testifies distinctly that he had no knowledge of the reconveyance, if there was such a deed from Ralph Ackley to Samuel Ackley, when he took his deed from Ralph, nor for a long time after. The existence of such a deed is not a fact beyond dispute. There is no testimony to disturb the positive statement of Sevey. The most that can be said as to the plaintiff's evidence, is, that it tends to establish certain facts, from which *if Sevey had had any knowledge of them*, an inference might be drawn that he had actual notice of the deed. But this knowledge is in no way carried home to Sevey.

But in any event, the demandant can complain of nothing except that the presiding judge left it to the jury to determine what was actual notice, instead of stating to them his own ideas of the meaning of these terms.

If the presiding judge saw fit to leave the question to the jury, and they have decided it properly, the verdict will not be disturbed. Copeland v. Wadleigh, 7 Maine R., 141; Pike v. Warren, 15 Maine R., 390; Hathaway v. Crosby, 17 Maine

R., 448.   That they did decide it properly there can be no doubt.

GOODENOW, J.   This is a writ of entry, by which the demandant claims to recover the western half of a farm in Whitney, by virtue of a mortgage deed, dated May 7, 1842, and recorded May 9, 1842, from Samuel Ackley to Joseph Cutler, and by Cutler assigned to his intestate on the 26th of March, 1846.

At the time of the execution of said mortgage and assignment, the record title to the premises was in Ralph Ackley, to whom Samuel Ackley had conveyed on the 13th of December, 1839.

The tenant claims title under a deed from Ralph Ackley to him dated October 3, 1849, duly recorded.

To avoid the effect of this title, the demandant contended that the deed from Samuel Ackley to Ralph Ackley was fraudulent as against creditors of Samuel Ackley, and that the tenant was a party to and had knowledge of the fraud, and for this reason could not avail himself of his title under Ralph Ackley.

This question was submitted to the jury, and their verdict was in favor of the tenant.

The demandant further contended that there had been a reconveyance of the premises from Ralph Ackley to Samuel, prior to the mortgage to Cutler, and that the tenant had notice of such reconveyance before his purchase of Ralph Ackley, and was therefore precluded from availing himself of his title under Ralph.   There was no record of any deed of reconveyance from Ralph to Samuel, nor was any such deed produced.   The plaintiff requested the judge to instruct the jury, " that if the conveyance from Samuel to Ralph Ackley was *bona fide* and valid, and there was a reconveyance of the western half of the farm from Ralph to Samuel on May 7, 1842, and Sevey had such notice of its existence as men would usually act upon in the ordinary

affairs of life, the mortgage would be good, and Sevey's deed could not prevail against it." But the judge declined to give this instruction. He had previously instructed the jury to the effect that such a position could not be successfully maintained unless the tenant had *actual notice* of such reconveyance prior to the taking of his deed from Ralph Ackley.

We are of opinion that the law did not require that the presiding justice should have given the instructions to the jury in the language requested. The instruction given was in the language of the statute. If any judge should undertake to define precisely what is *actual knowledge*, within the statute, and what shall and what shall not be evidence of actual knowledge, for the consideration of the jury, guided by the conflicting opinions which have been heretofore given, he might only "darken counsel, by words without knowledge."

In Curtis v. Mundy, 3 Met.. 405, Putnam, J., when considering the statute of Mass., which is identical with that of Maine, says, "The clause relating to persons having actual notice thereof was substantially to confirm the decisions which had been made theretofore, and which had placed such persons in the same condition as if they had had the notice which was to be given by the registry. And the instruction of Morton, J., to the jury, " that it was not necessary, in order to enable the tenant to hold under his deed that he should prove that the demandant had positive and certain knowledge of its existence; that it was not necessary that the demandant should have such knowledge as he would acquire from having seen the deed, or being told thereof by the grantor; but that the notice was sufficient if it was such as men in the ordinary affairs of life usually act upon," upon exceptions taken to it was held not to be erroneous. The court say, " Something less than positive personal knowledge of the fact of the conveyance would be sufficient to constitute actual notice, within the true intent and meaning of the statute." "It is exceedingly difficult, if not impossible, to

define beforehand what information shall or shall not be sufficient. But if it were given by those persons who, (as in the case at bar) knew the party, and much of his transactions, and who spake not vaguely; especially if the party himself, who was to be affected by the notice, was so well satisfied of its truth as again and again to acknowledge the fact—it must be sufficient. No honest man, after such notice, could undertake, or if he did, should be permitted to acquire title to the land which, from information given on certain knowledge, he believed had been conveyed. We think the notice should be so express and satisfactory to the party as that it would be a fraud in him subsequently to purchase, attach, or levy upon the land, to the prejudice of the first grantee. In the language of Lord Hardwicke, as adopted by Mr. Justice Story in his book upon Equity Jurisprudence, sec. 397, " the taking a legal estate, after notice of a prior right, makes a person a *mala fide* purchaser. This is a species of fraud, and *dolus malus* itself." 3 Atk., 654. By the statute of 1821, deeds of real estates were required to be signed, sealed, acknowledged and recorded; and to be of no effect unless recorded, against any, except the grantors and their heirs. There is no exception in the statute as to persons having knowledge of their existence. The common law, as applied by the judges in analagous cases, made the exception as to persons having notice of their existence. It was considered that such persons could not purchase honestly when the title was in this condition, and thereby overreach a prior purchaser, whose deed remained unregistered. Judge Trowbridge says, " If the second purchaser had notice of the first conveyance, before he purchased, no estate would pass to him by the second deed, though recorded before the first, because it is *fraudulent.*" Readings in 3 Mass., 573. Now it seems to us that what was *fraud* before the Revised Statutes, is fraud now. The courts may have gone too far in deciding that " the visible possession of an improved estate by a grantee, under his deed, is in all cases implied notice of the sale to subsequent purchasers, although his deed has not

been recorded." Under our statute a disseizee may convey, if he has a right of entry.

The R. S., chap. 91, sec. 26, requiring *actual* notice, was intended to control the construction which had been given by the courts that the possession of the grantee alone, if open, continued and exclusive, would be sufficient foundation in law from which to infer notice to subsequent purchasers. It was not intended to change the moral bearings of the question or the rules of the common law, by making a transaction honest which was before fraudulent. It was to prevent a legal inference from inadequate premises; to repudiate a course of inconclusive reasoning. The subsequent purchaser might not know the fact, if it existed, that a prior purchaser was in possession; or if he did, that he claimed to hold the fee, &c. He might suppose that he was only a tenant holding over; or a disseizor of his grantor, who had a right of entry. If he was acting in good faith he might well suppose that his grantor would not undertake to sell to him an estate which he did not own, or had previously conveyed.

In Pomroy v. Stevens, 11 Met., 244, Shaw, C. J., held that evidence of open occupation, possession and cultivation of land, and fencing it, by a party who has an unrecorded deed thereof, is not sufficient to warrant the inference that a third person had notice of such deed, and his ruling was confirmed by the full court. Wilde, J., in delivering the opinion of the court, said: "Whether the demandant had notice of the defendant's title, or not, was a question of fact for the jury to decide. But the competency and sufficiency of the evidence to prove the fact were within the province of the court to decide."

In Spofford v. Weston, 29 Maine R., 140, the court adopt the construction given in the case last named, "and say that the Revised Statutes made an essential alteration of the law in this respect," but do not decide what shall and what shall not be proof of "actual notice."

We are of opinion that it may be proved by circumstances like any other fact. Such circumstances as those before

alluded to by Putnam, J. And that possession and improvement by the first purchaser is one circumstance proper, with others, for the consideration of the jury, though not alone sufficient. The evidence from all the circumstances must be such as to give the jury reasonable satisfaction that the second purchaser had notice of the prior deed, before his purchase. In the case at bar all the circumstances tending to establish the fact of notice, were submitted to the jury.

We can perceive no error in the instruction which was actually given.

It would be difficult for us to imagine a chain of circumstances which would satisfy a jury that the defendant had actual notice of the existence of a prior deed, when he swears positively that he had not.

*Exceptions and motion overruled.*
*Judgment on the verdict.*

TENNEY, C. J., RICE, HATHAWAY, APPLETON, CUTTING, J. J., concurred.