**In re Albert W. MORSE, Debtor.**

**MAINE NATIONAL BANK, Plaintiff,**

v.

**Albert W. MORSE, Barbara M. Morse and Richard Joyce, Esquire, Trustee, Defendants.**

**Bankruptcy No. 182–00004.
Adv. No. 182–0082.**

United States Bankruptcy Court,
D. Maine.

Sept. 17, 1982.

Robert Avaunt, Zuckerman & Avaunt, Gray, Me., for Maine Nat. Bank.

James A. Robinson, III, Bangor, Me., for debtor.

Richard S. Emerson, Jr., Portland, Me., for Barbara Morse.

Richard Joyce, South Windham, Me., former Trustee.

William Howison, Portland, Me., Trustee.

JAMES A. GOODMAN, Bankruptcy Judge.

MEMORANDUM OF DECISION

Plaintiff, Maine National Bank, has filed a Complaint to Determine Validity and Priority of a mortgage which it claims on real property of the debtor, Albert Morse.[1] The facts are not in dispute. On October 10,

---

**1.** An Order for Relief was entered for the debtor pursuant to 11 U.S.C. Chapter 7 on January 7, 1982.

1973, plaintiff loaned to the debtor and his former wife the sum of $28,000 evidenced by a promissory note and secured by a mortgage deed. The mortgage deed was properly recorded in the Cumberland County Registry of Deeds on October 16, 1973. On November 23, 1981, a discharge of the mortgage was recorded in the Registry of Deeds due to an error by plaintiff's employee. The debt underlying the mortgage was still owing at this time and was in default.[2] In December, 1981, unaware of the recorded discharge, plaintiff commenced foreclosure proceedings against the debtor in the Cumberland County Superior Court. A Certificate of Foreclosure was recorded in the Registry of Deeds on December 10, 1981 and the debtor was served with the complaint on December 14, 1981. No answer was filed to the foreclosure action but on January 7, 1982 debtor filed his petition in bankruptcy. Plaintiff was listed as a secured creditor pursuant to its 1973 mortgage on the debtor's original schedule. This was subsequently amended to alter plaintiff's status to that of an unsecured creditor.[3] The present complaint was then filed and both plaintiff and defendant trustee have submitted memoranda of law.[4]

The issue before the Court is whether a trustee in bankruptcy, pursuant to the statutory rights accorded him under the Bankruptcy Code, has priority over a creditor who has mistakenly discharged the mortgage.[5] Although the trustee's status is granted by federal law, state law determines his right as against other parties claiming an interest in the debtor's estate. *In re Cushman Bakery,* 526 F.2d 23 (1st Cir. 1975) *cert. denied* 425 U.S. 937, 96 S.Ct. 1670, 48 L.Ed.2d 178 (1976); *In re Maplewood Poultry Co.,* 2 B.R. 550 (Bkrtcy.D.Me. 1980).

Plaintiff argues that the inadvertent discharge of its mortgage should not affect its status as a secured creditor. This argument is based on equitable principles which allow the reinstatement of a mistakenly discharged mortgage.[6] These equitable principles are not applicable when the rights of third parties have intervened. *Williams v. Libby,* 118 Me. 80, 105 A. 855 (1919); *see also Federal Land Bank of*

**2.** The mistaken discharge of the mortgage occurred during a transfer of the account in the bookkeeping department from an active account to a foreclosure account.

**3.** The amount of plaintiff's claim is $24,104.14 plus accrued interest.

**4.** The Complaint names the debtor, Albert Morse, the debtor's former wife, Barbara Morse, and the trustee as defendants. The debtor filed no response to the Complaint but indicated by letter that he is not claiming any portion of the real estate as exempt. Barbara Morse, a co-signer of the mortgage note, filed an answer but did not otherwise appear. Neither the extent of the debtor's interest in the property at the time of filing his petition, nor that of Barbara Morse, is indicated by the evidence before the Court. Note that the decision herein only establishes the plaintiff's rights on its mortgage against the debtor's estate and does not purport to decide what rights the plaintiff may have against Barbara Morse.

**5.** 11 U.S.C. § 544(a) provides the trustee with the following status:
§ 544. Trustee as lien creditor and as successor to certain creditors and purchasers.
(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained a judicial lien, whether or not such a creditor exists;
(2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; and
(3) a bona fide purchaser of real property from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser at the time of the commencement of the case, whether or not such a purchaser exists.

**6.** *See generally* 55 Am.Jur.2d Mortgages § 504 (1971).

*Springfield v. Smith,* 129 Me. 233, 237–38, 151 A. 420, 422 (1930).

In the present case, the trustee is a third party with an intervening interest. Under Maine law, a mortgage must be recorded to be effective against third persons. *In re Cushman Bakery,* 526 F.2d at 27–28. This requirement is set forth in Me.Rev. Stat.Ann. tit. 33 § 201 (1964), which in pertinent part provides:

> No conveyance of an estate in fee simple, fee tail or for life, or lease for more than 2 years or for an indefinite term is effectual against any person except the grantor, his heirs and devisees, and persons having actual notice thereof unless the deed or lease is acknowledged and recorded in the registry of deeds within the county where the land lies. . . .

Plaintiff's mortgage was not recorded at the time of the filing of the bankruptcy petition. Thus, the mortgage was not effective against the trustee, who at the time of filing the petition was vested with the right of a hypothetical judicial lien creditor. Equity will not cancel the discharge and reinstate the mortgage where the rights of the trustee have intervened. Defendant trustee's rights in the property are superior to those of the plaintiff.[7]

Enter Order.

---

**7.** The Court emphasizes that this decision does not determine the property rights of Barbara