In re Lee B. KELLY, Debtor.

Jonathan W. SPRAGUE, Trustee,
Plaintiff,

v.

Earl H. KELLY, Mary L. Kelly,
Defendants.

Bankruptcy No. 182–00153.
Adv. No. 182–0111.

United States Bankruptcy Court,
D. Maine.

May 10, 1983.

---

Alfred E. LaBonty, Jr., Madawaska, Maine, for debtor and defendants.

Jonathan W. Sprague, Stevens, Engels, & Bishop, Presque Isle, Maine, for Trustee.

## MEMORANDUM OF DECISION

JAMES A. GOODMAN, Bankruptcy Judge.

Before the Court is the Trustee's amended complaint to set aside a transfer by the debtor to the defendants of land and a mobile home. The parties filed an agreed stipulation of facts.

On May 5, 1980, the debtor orally agreed to sell to the defendants (debtor's brother and sister-in-law) his interest in a certain lot of land and mobile home located in Allagash. The defendants then paid the debtor $10,000.00, and agreed to pay

$5,000.00 over time on two mortgages on which the debtor was obligated. Until May 10, 1982, the defendants made mortgage payments and paid the property taxes and insurance premiums in the debtor's name. On May 10, 1982, the debtor signed a warranty deed conveying the property to the defendants. Two days later, on May 12 at 9:00 a.m., the debtor filed his voluntary petition in bankruptcy in this Court. Pursuant to 11 U.S.C. § 301, an order for relief thereby became effective. Two hours later, on May 12 at 11:00 a.m., the defendants' deed was recorded in the Aroostook County Registry of Deeds. At the time of filing, approximately $1,500.00 was still owed to the first mortgagee.

The agreed facts fail to specifically state whether the defendants, or anyone else, lived on the property in question at any time. The facts do state that the defendants' home burned down in early 1980, and that insurance proceeds were partially used to purchase the debtor's property. It also appears that in 1981, the defendants filed their own bankruptcy petition in which they claimed an exemption in the property in question to the extent of its fair market value, $10,000.00.

The trustee contends that he may avoid the transfer to the defendants in his capacity as lien creditor or bona fide purchaser pursuant to 11 U.S.C. § 544, or, in the alternative, avoid it as a preference pursuant to 11 U.S.C. § 547.

Section 544(a) states in part:

The trustee shall have, as of the commencement of the case, and without regard to any *knowledge* of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained a judicial lien, whether or not such a creditor exists;

.    .    .    .    .

(3) a bona fide purchaser of real property from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser at the time of the commencement of the case, whether or not such a purchaser exists.

(Emphasis added).

Note that while the trustee's power is not limited by any *knowledge* he or any creditor may have, section 544 does not purport to exempt the trustee from *constructive notice*. "As a number of courts have recognized, the term 'notice' may include actual or constructive notice, while the term 'knowledge' includes only actual notice. That Congress selected the term 'knowledge' is significant." *In re Richardson,* 23 B.R. 434, 439, 9 B.C.D. 895, 897 (Bkrtcy.D. Utah 1982).

The Court must determine, therefore, whether the trustee as judicial lien creditor or bona fide purchaser without knowledge can avoid the transfer of property of the debtor under Maine law. *See In re Morse,* 23 B.R. 160, 161, 9 B.C.D. 837, 838 (Bkrtcy. D.Me.1982); *In re Lewis,* 19 B.R. 548, 549 (Bkrtcy.D.Idaho 1982). Me.Rev.Stat.Ann. tit. 33, § 201 (1964) provides in part:

No conveyance of an estate in fee simple, fee tail or for life, or lease for more than 2 years or for an indefinite term is effectual against any person except the grantor, his heirs and devisees, and persons having *actual notice* thereof unless the deed or lease is acknowledged and recorded in the registry of deeds within the county where the land lies . . . .

(Emphasis added). As discussed above, 11 U.S.C. § 544 provides the trustee with the status of creditor or purchaser without

knowledge, *i.e.,* without *actual notice.* Because section 201 states that an unrecorded conveyance is ineffectual against the trustee unless he has actual notice of the conveyance, it follows that the trustee here will prevail unless Maine case law has created an exception to the recording statute for constructive notice.[1]

Early in Maine's history, such an exception did exist. Maine's original recording statute required that deeds be recorded to be effective against anyone other than the grantors and their heirs. The statute contained no exceptions for persons with notice of any kind, yet Maine case law held that visible possession of an improved estate by the grantee under an *unrecorded* deed was notice such that subsequent purchasers could not prevail over the grantee in possession. *See, e.g., Hanly v. Morse,* 32 Me. 287, 289 (1850); *Matthews v. Demerritt,* 22 Me. 312 (1843) (attaching creditor). That exception for constructive notice was abolished by the legislature, however, when it enacted the recording statute requiring there be actual notice of an unrecorded conveyance in order to defeat a subsequent purchaser's rights.[2] *Hanly v. Morse,* 32 Me. at 289; *see Porter v. Sevey,* 43 Me. 519, 529 (1857); *see also Hopkins v. McCarthy,* 121 Me. 27, 30, 115 A. 513, 515 (1921); *cf. Devine v. Tierney,* 139 Me. 50, 55, 27 A.2d 134, 136 (1942).

The Court concludes that (1) pursuant to federal law, the trustee as judicial lien creditor or as bona fide purchaser[3] is to be treated as being without actual notice of an unrecorded deed; and (2) pursuant to Maine law, constructive notice arising from possession of an improved estate by a grantee under an unrecorded deed will not defeat the trustee's superior position. *Cf.*

1. For a useful discussion of the differences between actual notice and constructive notice under Maine law, see *Gagner v. Kittery Water District,* 385 A.2d 206 (Me.1978) and *Knapp v. Bailey,* 79 Me. 195, 9 A. 122 (1887). See also *Porter v. Sevey,* 43 Me. at 529.

2. Compare, for example, Pennsylvania's recording statute, which provides that an unrecorded deed is void as to any subsequent bona fide purchaser "without actual or constructive notice" (where the bona fide purchaser records his deed). Pa.Stat.Ann. tit. 21, § 351 (Purdon 1955) (cited in *McCannon v. Marston,* 679 F.2d

13, 15 n. 1 (3d Cir.1982)). The Maine legislature could easily have made an exception in the recording statute for subsequent purchasers with constructive notice if it had intended to do so.

3. "An attaching creditor is chargeable with notice in the same manner, and with like effect, as a subsequent purchaser." *McLaughlin v. Shepherd,* 32 Me. 143, 148 (1850); *see Bailey v. Myrick,* 50 Me. 171, 184 (1860) (Cutting, J., concurring).

*In re Morse,* 23 B.R. 160, 9 B.C.D. 837 (Bkrtcy.D.Me.1982). Therefore, even assuming that the defendants were in possession of the land and mobile home in question from May 1980 through May 1982, the trustee, pursuant to 11 U.S.C. § 544(a), prevails over the defendants whose deed was unrecorded at the time of the commencement of the case.

Finding that the trustee prevails under 11 U.S.C. § 544(a), the Court need not consider whether he could also prevail under section 547. An appropriate order shall be entered.