788 F.2d 229
 14 Collier Bankr.Cas.2d 704, 14 Bankr.Ct.Dec. 688,
Bankr. L. Rep. P 71,080
 Tom C. SMITH, Trustee, Appellee,
v.
John Thomas MIXON; Orie L. Mixon, Defendants,
and
Clarence Mixon, Appellant.
In re John Thomas MIXON, Debtor.
Tom C. SMITH, Trustee, Appellee,
v.
John Thomas MIXON; Clarence Mixon, Defendants,
and
Orie L. Mixon, Appellant.
In re John Thomas MIXON, Debtor.
 Nos. 85-1662, 85-1671.
 United States Court of Appeals,
Fourth Circuit.
 Argued Dec. 3, 1985.
Decided April 11, 1986.
 
 Jonathan L. Hauser (Pickett, Lyle, Siegel, Drescher & Croshaw, P.C., Virginia Beach, Va., on brief), for appellant Orie L. Mixon.
 Carl W. Isbrandtsen, for appellant Clarence G. Mixon.
 Tom C. Smith, Virginia Beach, Va., pro se.
 Before WIDENER and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 BUTZNER, Senior Circuit Judge:
 
 
 1
 In these consolidated appeals Clarence G. Mixon and Orie L. Mixon appeal from an order of the district court that reversed the bankruptcy court and held that the trustee of the bankrupt estate of John Thomas Mixon was entitled to an interest in certain property.
 
 
 2
 This action was brought by the trustee to set aside a transfer of property by the debtor, John Thomas Mixon, and to recover the property, not from the initial transferee, Clarence G. Mixon, but from a subsequent transferee, Orie L. Mixon. We hold that the trustee cannot recover because the subsequent transferee, Orie L. Mixon, acquired the property "for value ... in good faith, and without knowledge of the voidability of the transfer avoided." 11 U.S.C. Sec. 550(b)(1) (1982).
 
 
 3
 * On July 8, 1982, Clarence G. Mixon recorded a fraudulent deed of trust on North Carolina real property he owned. He named his brother, John Thomas Mixon, as the secured party. The deed purported to secure payment for a $70,000 debt that Clarence owed John Thomas. However, no debt existed. This action was taken solely to shield Clarence's property from his creditors.
 
 
 4
 John Thomas later encountered financial difficulties of his own. On October 17, 1983, in order to release John Thomas's interest in Clarence's property, Clarence signed a promissory note dated July 8, 1982, as evidence of the debt ostensibly secured by the deed of trust. John Thomas immediately marked the note satisfied.
 
 
 5
 Also on October 17, Clarence transferred the encumbered property to his father, Orie Mixon. This transfer was made in satisfaction of past loans from Orie and as consideration for future advances. The deed was recorded on October 17, 1983. Orie did not conduct a title search before accepting the property.
 
 
 6
 On October 19, 1983, the county registrar, relying on the note that had been marked satisfied, released the deed of trust.
 
 
 7
 On October 21, 1983, John Thomas petitioned for bankruptcy.
 
 
 8
 The bankruptcy judge held that John Thomas's estate in bankruptcy included the interest created by the fraudulent deed of trust. He also held that the release of the deed to Clarence could be avoided both as a preferential transfer and as a transfer made with the intent to defraud John Thomas's creditors. See 11 U.S.C. Secs. 547(b), 548(a)(1)(2). The judge ruled, however, that even though the transfer from John Thomas to Clarence could be avoided, the trustee could not recover the property from Orie. The judge found that Orie had taken the property in good faith and for value. He also found that Orie did not know of the deed of trust or of John Thomas's financial difficulties at the time he acquired the property. Therefore, Orie lacked knowledge of the voidability of the release of the deed of trust. Accordingly, Orie was entitled to the protection of 11 U.S.C. Sec. 550(b)(1).[1] In reaching this conclusion, the bankruptcy judge expressed the opinion that the authority of the trustee to recover property transferred in the circumstances presented by this case is governed by the express provisions of Sec. 550 and not by state law.
 
 
 9
 The district court accepted the bankruptcy judge's findings of fact. It also agreed with the bankruptcy judge that the trustee could not recover the property pursuant to 11 U.S.C. Sec. 550. However, the court noted that although Orie lacked actual knowledge of the deed of trust, he had constructive notice because he acquired the property two days before the deed was released. See N.C.Gen.Stat. Sec. 47-20 (1984). Accordingly, the district court, reversing the bankruptcy court, held that John Thomas's trustee could recover the property.
 
 II
 
 10
 Actually, this case involves a contest between Clarence's creditors, who are pressing their claims in other proceedings, and John Thomas's creditors, whose surrogate is the trustee in bankruptcy. Whether Clarence's creditors can divest Orie of the property must await the outcome of proceedings that are not before us. We can decide only the trustee's claim.
 
 
 11
 In agreement with the bankruptcy judge, we conclude that the trustee's right to recover property from transferees of the debtor is limited by Sec. 550(b)(1). That section provides that "[t]he trustee may not recover ... from--(1) a [subsequent] transferee that takes for value ... in good faith, and without knowledge of the voidability of the transfer avoided...." The bankruptcy judge found that Orie satisfied these conditions. The district court accepted these findings. The findings bind us because they are not clearly erroneous.
 
 
 12
 The trustee argues, however, that he is entitled to enforce the deed of trust against Orie within the confines of the bankruptcy code. He contends that because Orie had constructive notice of the deed of trust, he took the property with "knowledge of the voidability of the transfer avoided." Therefore, the trustee asserts, Orie does not qualify under Sec. 550(b)(1).
 
 
 13
 Although "knowledge" as used in Sec. 550(b)(1) is not defined in the Code or in the legislative history, we conclude that it does not mean "constructive notice." As several courts have noted when analyzing Sec. 544 of the bankruptcy code, "[t]he term 'notice' may include either actual or constructive notice, while the term 'knowledge' includes only actual notice. That Congress selected the term 'knowledge' is significant." In re Richardson, 23 B.R. 434, 439 (Bankr.D.Utah 1982); accord In re Euro-Swiss International Corp., 33 B.R. 872, 881 (Bankr.S.D.N.Y.1983); In re Kelly, 29 B.R. 708, 710 (Bankr.D.Me.1983); see also McCannon v. Marston, 679 F.2d 13, 16-17 (3d Cir.1982) (error to equate knowledge with notice). We believe that this reasoning applies with equal force to Sec. 550(b)(1) of the Code.[2] Therefore, Orie is entitled to the protection of Sec. 550(b)(1) notwithstanding his constructive notice of the deed of trust.
 
 
 14
 Moreover, even if one were to accept the trustee's argument that "knowledge" includes "constructive notice," Orie should prevail. Constructive notice of the existence of the deed of trust does not encompass constructive notice of the fraudulent nature of the trust and its release. Consequently, the state recording statutes did not charge Orie with contructive notice of "the voidability of the transfer."
 
 
 15
 The judgment of the district court is reversed, and this case is remanded with instructions to dismiss the trustee's complaint.
 
 
 16
 REVERSED AND REMANDED.
 
 
 
 [1]
 Section 550 provides in part:
 (a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from--
 (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or
 (2) any immediate or mediate transferee of such initial transferee.
 (b) The trustee may not recover under section (a)(2) of this section from--
 (1) a transferee that takes for value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer avoided; ...
 
 
 [2]
 The meaning of "knowledge" in the context of Sec. 550(b)(1) is explained in 4 L. King, Collier on Bankruptcy p 550.03 at 550-10 (15th ed. 1985) as follows:
 To be protected under section 550(b)(1), a subsequent transferee must take "without knowledge of the voidability of the transfer avoided." Neither the Code nor the legislative history interprets this standard. The language appears to be derived from section 4-609(b)(1) of the Commission's bill, and was included as surplusage to illustrate a transferee that could not be in good faith. The Commission intended the standard to mean "if the transferee knew facts that would lead a reasonable person to believe that the property [transferred] was recoverable." With respect to prepetition transfers that are recoverable only if a petition seeking relief under the Bankruptcy Code is filed, the transferee should be held to have knowledge of the voidability of the transfer if, inter alia, he has reasonable cause to believe that a petition may be filed. (footnotes omitted)