# COUNTY OF WALDO.

## * LATHLY RICH *versus* SYLVANUS I. ROBERTS.

Where there are two or more joint mortgagers of personal property, residing in different towns, the record of the mortgage.required by § 32, of c. 125, of R. S. of 1841, is incomplete until it is recorded in each of the towns in which the mortgagers reside.

Proof that an attaching creditor had notice of such mortgage, before the attachment of the property was made, on being objected to, was rightly excluded.

The revised statute, touching the recording of deeds of real estate, has changed the former law, so that actual notice of an unrecorded deed, to persons making claim to the estate subsequently to its delivery from the same source, alone will postpone the latter to the former.

But in the statutes requiring the record of mortgages of personal property, in order to make them effectual, there is no such qualification; and it cannot be properly inferred that one was intended, against the imperative language used.

REPORTED from *Nisi Prius*, by APPLETON, J., October term, 1856.

This was an action of TRESPASS. The defendant, as an officer, on the 21st day of September, 1855, attached certain horses, oxen and carriages, on two writs in favor of J. A. Cushing,— one against Andrew R. Grant of Frankfort, and the second against said Grant and John Bachelder of Oldtown.

The plaintiff claimed the property under a mortgage bill of sale, from Grant and Bachelder to him, dated September the 18th, 1855, to secure the payment of their note for $800. The mortgage, on the day of its date, was recorded by the town clerk of Frankfort, but was not recorded by the town clerk of Oldtown.

The plaintiff offered evidence to prove that the attaching creditor had actual knowledge of the mortgage, before the

---

* This case was argued in writing in 1857, and in 1860 was submitted to all the members then constituting the Court.

Rich *v.* Roberts.

commencement of his suits;—which the presiding Judge excluded.

· The property was sold by Theophilus Cushing to Grant and Bachelder, to be theirs, upon the performance of the condition of sale, relating to the payment for the property.

Before the mortgage to him, the plaintiff paid to Theophilus Cushing the amount due from Grant and Bachelder, and took a conveyance from said T. Cushing to himself.

*N. H. Hubbard,* for plaintiff.

Notice to the attaching creditor, prior to the attachment, of a mortgage of personal property, supersedes, as to such creditor, the necessity of recording the mortgage. *Sawyer* v. *Pennell,* 19 Maine, 167.

The evidence to prove notice in this case should have been admitted.

The property in controversy, both at the time of the mortgage and of the attachment, was at Frankfort, where Grant resided, and was there recorded prior to the attachment. This, under the circumstances of the case, was a sufficient compliance with the provision of the statute.

*N. Abbott,* for the defendant.

The opinion, concurred in by a majority of the Court, was drawn up by

TENNEY, C. J.—The oxen and other property in question were formerly owned by Theophilus Cushing, who entered into a contract with Grant and Bachelder, to sell the same to them at an agreed price, he retaining the title therein till the consideration should be fully paid. On failure of Grant and Bachelder to become the owners of the property, by payment, they were to compensate Cushing for its use.

It appears, from the case, that J. A. Cushing had valid claims against Grant and Bachelder, and that he caused the property to be attached, then in their hands, by the defendant's deputy, on Sept. 21, 1855, on two writs, one against Grant and Bachelder, and the other against Grant alone.

For the security of a. note of eight hundred dollars, the plaintiff took a mortgage of the same. property from Grant and Bachelder, on Sept. 18, 1855, and the same was recorded on that day by the clerk of the town of Frankfort, in which Grant then lived, but it was never recorded in the town of Oldtown, which was the place of Bachelder's residence at the same time.

If the mortgage became effectual on Sept. 18, 1855, the plaintiff thereby obtained an interest in the property, which could not be legally taken by attachment, excepting upon first tendering or paying to him the amount of the demand, for which it was mortgaged, according to R. S., c. 114, § 70. Whether he had such an interest, must depend upon the construction of the statute, c. 125, § 32, which provides that no mortgage of personal property, when the debt thereby secured amounts to more than the sum of thirty dollars, shall be valid against any other persons than the parties thereto, unless possession of the mortgaged property be delivered to and retained by the mortgagee; or unless the mortgage shall be recorded in the town where the mortgager resides.

It is manifest that the design of the Legislature, in the provision referred to, cannot be entirely effectual by recording, in one town only, a mortgage of personal property executed by two or more persons living in different. towns. Such an instrument constitutes one mortgage only, though the property described therein is owned by more than one; and it cannot be treated as recorded, in compliance with the statute, till the record is perfected, so far as to conform to section 33 of the chapter last mentioned, in each town, where one of the mortgagers resides. Rule II, of § 3, of c. 1 of the R. S., is applicable to this case, where it is provided, that every word importing the singular number only may extend to and embrace the plural number, &c.

Proof that the attaching creditor had notice of the mortgage, before the attachment of the property was made, on being objected to, was excluded. The exceptions taken to this ruling are attempted to be sustained by the case of *Sawyer*

v. *Pennell,* 19 Maine, 167. This case is not in point, as the decision was not upon any such grounds, notwithstanding there is, perhaps, an intimation that, in a case involving such a question, actual notice of the existence of the entire mortgage, to an attaching creditor, might supersede the necessity of a record, so far, that his attachment could not prevail. But, in that case, there was no such notice proved.

The revised statutes touching the recording of deeds of real estate has changed the former law, so that actual notice of an unrecorded deed, to persons making claim to the estate subsequently to its delivery from the same source, alone will postpone the latter to the former. In the statutes requiring the record of mortgages of personal property, in order to make them effectual, there is no such qualification; and it cannot be properly inferred that one was intended, against the imperative language used. *Plaintiff nonsuit.*

APPLETON, CUTTING, DAVIS and KENT, JJ., concurred.
RICE and GOODENOW, JJ., non-concurred.