By the Cohrt.
Section 4150, Revised Statutes, provides that a mortage of goods which is not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against the creditors of the mortgagor, subsequent purchasers and mortgagees in good faith, unless the mortgage, or a true copy thereof, be deposited as directed by the next section. It is provided in the next section that the mortgage shall be deposited with the clerk of the township where the mortgagor resides at the time of the execution thei’eof, if a resident of the state, and if not such residexxt, then with the clerk of the township in which the property is situated at the time of the execution of the instrument; but when the mortgagee is a resident of a town *317 ship in which the office of county recorder is kept, the mortgage shall be deposited with the county recorder.
That the term “ mortgagor,” in this section, means each mortgagor, there can be no serious question. This is the natural import of the language used, and is necessary to carry out the purpose of the statute. Not only is this construction authorized by section 23, Revised Statutes, Avhere, as a rule of interpretation, Avorcls in the plural are to be held to include the singular, and vice versa, but with this construction the statute is plain, and its requirements easily complied Avith. The opposite interpretation would lead to uncertainty as to w'hich mortgagor, in a case like the present, was referred to, and consequent difficulty as to ascertaining the proper place for deposit. Nor can the place where the property is situated ansAver the requirement, because the statute itself, as above quoted, clraAvs a sharp distinction between the place Avhere the property iqight be at the time of the execution of the instrument, and the place of the mortgagor’s residence. We are of opinion that Avhen a chattel mortgage is executed by several resident mortgagors, the statute requires that the mortgage, or a true copy, be filed in the township where the mortgagors at the time respectively reside, as essential to the validity of the mortgage as against creditors, and in this Ave but affirm Avhat has been before held by this court. Aultman v. Guy, 41 Ohio St. 598; Rich v. Roberts, 48 Me. 548; Stewart v. Platt, 101 U. S. 731.
If invalid as against creditors, a chattel mortgage is equally invalid as against an assignee for the benefit of creditors. Hanes v. Tiffany, 25 Ohio St. 549. Thé decision in this ease was placed, not upon the ground that the assignee was a subsequent purchaser in good faith, but on the ground that the rights of creditors could be asserted through an assignee for their benefit, as they could have been by judgment and execution against the property. It is said in Blandy v. Benedict, 42 Ohio St. 299, that “ Every right which the creditors might have asserted against the property before the assignment, the assignee is bound to secure for their benefit after *318 the assignment.” We believe the rule to be as stated, and from it it follows that the knowledge of the assignee as to the mortgage when it was filed and when the assignment was accepted by him, cannot affect the question. He stands for the creditors, and they are not prejudiced by knowledge on his part which might have affected him had he been a subsequent purchaser. The opposite view would enable failing debtors to make good defects in mortgages, by making their assignment to persons having notice of the defective instrument, and so defeat the policy of the law.

Judgment affirmed.