JOSEPH R. MATTHEWS *versus* BENJAMIN F. DEMERRITT.

The visible possession of an improved estate by the grantee, under his deed, even if no *visible change of the possession* takes place at the time of the conveyance, is implied notice of the sale to subsequent purchasers, although his deed has not been recorded.

To this there may be an exception, when the second purchaser is proved to have known, before the conveyance to the first purchaser, that he was in possession *without* claiming title, or where from the circumstances such knowledge must be presumed.

With respect to implied notice, the law will not give to an attaching creditor any rights superior to those of a second purchaser.

If at the time the action was brought, the tenant was in possession of the premises only under a lease for one year, and the fact that he was not tenant of the freehold was put in issue, and there was no evidence *tending to* prove, that he ousted the demandant, or withheld the possession of the premises from him, the action cannot be maintained, under the provisions of the tenth and eleventh sections of the revised statutes.

THIS was a writ of entry in which was demanded of the tenant, the possession of a lot of land with the buildings thereon, situate in Portland.

The writ was dated Sept. 21, 1841.

The general issue was pleaded, with a brief statement, that Demerritt was not tenant of the freehold, but tenant for the term of one year under a lease from S. Pease and wife, and that he claimed nothing further.

It appeared in evidence on the part of the demandant, that on April 18, 1838, the demandant sued out a writ against one Joshua Dunn, upon a note dated October 9, 1837, by virtue of which writ "all the right, title and interest the said Dunn had in and to all real estate in the County of Cumberland," was attached on said 18th day of April; that said action was duly entered and prosecuted in court, and judgment recovered against said Dunn at October Term, 1838, of the Court of Common Pleas, in Cumberland County; that execution issued upon said judgment which was duly levied upon the premises in question as the property of said Dunn, within thirty days of the rendition of the judgment.

The demandant also introduced a deed of the premises in

question, from Joseph D. Roberts to said Dunn, dated April 18, 1837, acknowledged the same day, and recorded April 22, 1837.

The tenant offered in evidence a deed of the premises from said Dunn to John P. Briggs, and Dorothy Briggs his wife, dated July 18, 1837, acknowledged July 25, 1837, and recorded April 26, 1838, conveying said premises to them as joint tenants and not as tenants in common.

John P. Briggs who was and for sometime had been a U. S. pensioner, died July 22, 1837, and the deed from Dunn was delivered to Mrs. Briggs soon after his death. He lived in the house two or three months before he died, and the tenant boarded in the house before Briggs' death, and had lived there ever since. Mrs. Briggs married Simeon Pease in the spring of 1838. Dunn never claimed to exercise any ownership over the property.

The tenant also offered a lease of the premises for one year from Simeon Pease and Dorothy Pease to himself, dated Jan. 1, 1841.

The demandant offered to prove that at the time John P. Briggs occupied the premises, and for years previous, he was notoriously insolvent, and to show circumstances to rebut any presumption of Briggs' ownership of the premises arising from his occupancy of the same, but WHITMAN C. J. then presiding, refused to allow the introduction of the proposed testimony.

Whereupon a nonsuit was entered by consent, subject to the opinion of the full Court upon the report of the facts. The Court were to confirm the nonsuit, order a new trial, or render such judgment as they should deem legal.

*Howard* and *Osgood* argued for the demandant, contending, that his title, under his attachment and levy, was superior to that set up by the tenant under the unrecorded deed from the debtor. Briggs had been in possession of the premises under a lease from the former owner before the deed to him and his wife. No change in the possession took place when the deed was given. The possession of Briggs, under such circumstances, gave no notice of a claim on his part under a deed.

There must be a change of possession at the time of the conveyance, that it may operate as constructive notice, and dispense with the necessity of recording the deed. The character of the possession was such that it could not amount to implied notice of the deed. Actual notice must be proved, or such possession as amounts to actual notice. *McMechan* v. *Griffing*, 3 Pick. 149; *Hewes* v. *Wiswell*, 8 Greenl. 98; *Lawrence* v. *Tucker*, 7 Greenl. 195; *Davis* v. *Blunt*, 6 Mass. R. 487; *Farnsworth* v. *Child*, 4 Mass. R. 637; *Marshall* v. *Fisk*, 6 Mass. R. 24; *Prescott* v. *Heard*, 10 Mass. R. 60; *Connecticut* v. *Bradish*, 14 Mass. R. 296; *Trull* v. *Bigelow*, 16 Mass. R. 406; *Cushing* v. *Hurd*, 4 Pick. 253; 10 Johns. R. 470; 8 Johns. R. 108; 3 Ves. 478; *Priest* v. *Rice*, 1 Pick. 164; *Curtis* v. *Mundy*, 3 Metc. 405.

*Preble* argued for the tenant, and contended, that notice of the conveyance of the premises to Briggs and wife was to be inferred from the actual possession of the premises by the grantees from the time the deed was made, until after the attachment. Dunn had conveyed the premises long before the demandant's debt was contracted, and he had never been in possession of the property. The slightest inquiry of the tenants in possession would have satisfied any one, that the property did not belong to Dunn, but to Mrs. Briggs. He considered the law well established, that actual possession by the grantee under his deed was sufficient notice, and denied that there was any foundation for the distinction set up.

He also contended, that this action could not be maintained against the present tenant, even if the demandant acquired a title by his attachment and levy, he being only a lessee for a single year.

The opinion of the Court was drawn up by

SHEPLEY J. — The demandant caused the premises to be attached on a writ in his favor against Joshua Dunn on April 18, 1838. He obtained a judgment and caused an execution issued thereon to be levied upon the premises on the fifth day of November of the same year. Before this attachment

Dunn had conveyed the premises on July 18, 1837, to John P. Briggs and his wife, as joint tenants by a deed not recorded until after the attachment. But the grantees were at the time of its execution in possession of the dwellinghouse and lot conveyed ; and they continued in the open and exclusive possession thereof until after the attachment and levy. This levy operated as a statute conveyance from Dunn to the demandant at the time of the attachment ; and the fact, that the deed was recorded before the levy was made, does not impair his rights. *Stanley* v. *Perley*, 5 Greenl. 369. It has long been the settled construction of the statutes, requiring the registry of conveyances, that the visible possession of an improved estate by the grantee under his deed is implied notice of the sale to subsequent purchasers, although his deed has not been recorded. It is contended for the demandant, that this rule does not apply to a case, where there was no visible change of possession at the time of the conveyance. And this position finds some support in the language of decided cases.

In the case of *McMechan* v. *Griffing*, 3 Pick. 154, the opinion says, " but suppose, that a lessor should grant the land to the lessee, he being in possession under the lease, and the next day should make a second grant to a third person, who knew, that the lessee the day before was in possession under the lease, how does this continued possession furnish evidence of notice of his purchase ? To imply notice in such case is to presume a fact without proof, and against probability." This supposed case is presented as an exception to the general rule, and is founded upon a knowledge of the second grantee, that the person in possession of the premises did not claim to be the owner one day before he purchased. And that he could not therefore be guilty of any fraud in making the purchase. In the case of *Hewes* v. *Wiswell*, 8 Greenl. 98, it is said, " a person may be in possession under a lease ; or the fee may be conveyed from the lessor to the lessee in possession, and thus no change of possession follows. In such circumstances a continuance of the open possession would seem to give little or no notice to strangers of the existence of the con-

veyance; at least the facts could only furnish evidence, from which a jury might or might not infer notice, according to the particular nature of those facts."

One important evidence of title to an improved estate is the possession of it. And when one person purchases of another, who is not in possession, he is put upon inquiry into the cause of such apparent defect of perfect title. And the law will not suppose him to be so inattentive to his interest as to neglect to make full inquiry into the cause of it. When another is in the visible possession, if he should without inquiry interfere, and interrupt that possession by a purchase of the estate, it would afford presumption of a fraudulent intention. And it is upon this principle of an interference with the visible rights of others, and not upon a change of possession, that the presumption of law arises, that the second purchaser conducts fraudulently towards the first, when he is in possession at the time of the second purchase. It is possible, that a second purchaser may be able to repel such a presumption by showing, that it was a matter of notoriety, that the person in possession did not claim to be the owner at the time of the second conveyance, or that he was in possession under a lease from the owner, or that he was so informed by the tenant. A change of possession at the time of the first conveyance would seem to be required only, where the second purchaser is proved to have known before the conveyance to the first purchaser, that he was in possession without claiming title, or where from the circumstances such knowledge must be presumed.

In the case of *Webster* v. *Maddox*, 6 Greenl. 256, there was no visible change of possession at the time of the conveyance to the tenants; and yet their possession under a deed not recorded was decided to be sufficient notice of their title to an attaching creditor.

In this case there is no evidence, that Briggs and wife, before the conveyance to them, were in possession under a lease from their grantor. There is reason to believe, that upon inquiry a different state of facts would have been elicited. The testimony proposed to be introduced, that Briggs was notoriously

Matthews *v.* Demerritt.

insolvent would not have been sufficient to relieve a second purchaser from making the proper inquiries. For it might be, as in this case, that the wife, or some member of the family of the occupant, would prove to be the owner of the estate ; and their title should not be destroyed by the insolvency of the head of the family and the neglect of the second purchaser, who can never be injured by this presumption of law, when he is not guilty of negligence. An attaching creditor may not have the same motives, or the same opportunity, to make inquiries respecting an apparent defect of title, as a second purchaser. But he must be regarded as such ; and the law will not give him any superior rights.

It is not perceived, that the demandant can recover against the tenant, if his title should be considered superior to that of the former wife of Briggs. The tenant was in possession under a lease executed on January 1, 1841 ; and the fact, that he was not tenant of the freehold, was put in issue by the brief statement. There is no testimony tending to prove, that he ousted the demandant; or that he withheld the possession of the premises from him. One cannot be considered as withholding premises from another, unless he has been requested to relinquish the possession to him and has refused, or has in some other way manifested an intention to resist the title of the demandant, before the commencement of the action.

This case does not appear therefore to come within the provisions of the tenth section of c. 145 of the revised statutes. And the eleventh section of the same chapter regulates the rights of the demandant and tenant, where the general issue only is pleaded.

*Nonsuit confirmed.*