ROBERT I. ROBINSON & *al. versus* THOMAS R. SAMPSON & *al.*

The general rule in equity is, that the answer of one defendant cannot be used as evidence against another.

But an order of court may be obtained to examine one of several defendants as a witness in the case, subject to cross examination by the other defendants.

In equity the cancellation of a mortgage on the records is only *prima facie* evidence of its discharge, and leaves it open to the party making such objection to prove that it was made by accident, mistake, or fraud. On such proof being made, the mortgage will be established, even against subsequent mortgagees without notice, if they became such anterior to the cancellation.

THIS was a bill in equity against T. R. Sampson, A. Sampson and C. C. Mitchell, and was heard upon bill, answers and proof.

The view of the case taken by the Court renders it unnecessary to state the facts more fully, than they appear in the opinion of the Court, or to notice some of the positions taken in the argument.

*Deblois* and *O. G. Fessenden,* for the plaintiffs, contended, that the discharge of the first mortgage had been obtained through fraud or mistake, it being immaterial which; and that the Court should set aside the same in a bill in equity seeking this relief, and place that mortgage in the situation in which it stood before the discharge. *Harding* v. *Randall,* 3 Shepl. 332; 1 Story's Eq. 201, 202; 2 Bro. Ch. R. 385; 10 Ves. 475; 1 Vern. 136; 1 Ves. & B. 355; 1 Vern. 9; 1 P. Wms. 240; 3 Peere Wms. 129; 1 Story's Eq. § 197; 2 Atk. 33 & 203; 1 Munf. 330; *Daniels* v. *Mitchell,* 1 Story's R. 172.

The discharge of the mortgage should be rescinded, and the parties placed, as they before stood, because of the concealment of the fact of the existence of the second mortgage. He was bound in duty to have disclosed that most material fact. 1 Fonbl. Eq. B. 1, c. 2, § 8; 1 Vern. 19; 6 Ves. 173; 2 Wheat. 178; 2 Shepl. 363; 4 Shepl. 30; 1 Sch. & Lefr. 209; 6 Yerger, 108; 4 Mason, 375.

*W. P. Fessenden*, for Mitchell, said that the whole facts, so far as within Mitchell's knowledge, are stated in his answer. He derived no advantage from the transaction, acted uprightly in the whole matter, and should in no way be injured or put to expense in the business. If justice can be done between the other parties, he has no objection.

*Codman & Fox*, for Abigail Sampson, contended that the plaintiffs did not rely upon any statements of T. R. Sampson, but examined the registry of deeds for themselves, and acted on the information there obtained. A. Sampson had nothing to do with these transactions, and had no knowledge of them. If there was any mistake under which the parties acted, it was the mistake of the register. If any false representations were made by T. R. Sampson, they must have been relied on by the plaintiffs, or he can have no remedy on that account. 1 Story's Eq. § 191.

But there is no evidence, that T. R. Sampson made any false representations. There is nothing of the kind found, excepting in the answer of Mitchell; and that is not evidence against the other defendants, as there is no partnership or joint interest between them pretended.

*Deblois*, in reply, considered the answer, as evidence in the whole case, circumstanced as this is; but contended, that there was sufficient evidence of the fraud without it.

The opinion of the Court was drawn up by

WHITMAN C. J. — The allegations in the plaintiffs' bill, aside from the pretence of a design to defraud the creditors of T. R. Sampson, if substantiated by proof, would be abundantly sufficient to entitle them to the relief prayed for, on surrendering the security, and cancelling the mortgage they now hold. But the proof, at present, is entirely deficient; for the answer of C. C. Mitchell, one of the defendants, is not evidence against the defendant, Abigail Sampson. The answer of one defendant cannot be used as evidence against another. *Field* v. *Holland*, 6 Cranch, 8, 24; *Clark's Ex'ors* v. *Van Reimsdyke*, 9 ib. 153, 156. This is the general rule.

There are exceptions; but this case does not come within them, the defendants not being copartners, nor in a situation to authorize the admissions of one to become evidence against the other. The reason of the rule is, that the defendant sought to be affected, could have had no opportunity for cross-examination.

An order might have been obtained to examine C. C. Mitchell, as a witness; in which case he would have been subject to a cross examination by the other defendants; and if he had testified unqualifiedly to the facts contained in his answer, and his testimony had remained unaffected by discrediting testimony, we could have had no doubt, that, therefrom, in connexion with the other testimony in the case, the cancellation of the mortgage held by him, was an act done entirely through mistake, arising from false and deceitful representations made to him by the defendant, T. R. Sampson, and by the accidental oversight, notwithstanding due precaution taken to avoid it, in not discovering the record of the second mortgage, made by the said T. R. Sampson to his mother, the said Abigail. It is observable in this connection, that Abigail Sampson did not advance any thing, by way of consideration, to induce the cancellation; and was in nowise instrumental in procuring it to be done; and that, if the cancellation were annulled, she would be precisely in the condition she would have been in, if the mortgage held by C. C. Mitchell had been assigned, uncancelled to the plaintiff, instead of the making of the new mortgage; and which would have been done, but for the mistake originating as before mentioned.

There is not a more appropriate head of equity jurisprudence, than that of mistake. And the jurisdiction in such cases in equity is expressly conferred upon this Court. Human sagacity is inadequate to the attainment of a perfect knowledge and comprehension of every combination of circumstances, under which it may become necessary to act, and especially when the influence of the acts and wiles of the designing and knavish are superadded.

The language of the learned Chancellor of New Jersey, in *Trenton Banking Co.* v. *Th. L. Woodruff & al.* 1 Green's C. R. would be precisely applicable to this case, if the proof were, as it seems probable it might have been. He says, " It has been settled in this Court, that the cancellation of a mortgage on the record is only *prima facie* evidence of its discharge, and leaves it open to the party making such objection to prove, that it was made by accident, mistake or fraud. On such proof being made the mortgage will be established, even against subsequent mortgagees without notice." To this position we cannot hesitate to yield our assent, if the subsequent mortgagee, as in this case, becomes such anterior to the cancellation.

But as the case here, as now presented to us, is, we do not feel ourselves authorized to conclude, that the plaintiffs were lulled into security by reason of influence, arising from misrepresentations on the part of T. R. Sampson, or that they ever examined the registry of deeds, before taking their mortgage, to ascertain whether any conveyances were there recorded, which could interfere therewith ; and therefore should not be warranted in coming to the conclusion that any thing was done by them otherwise than in conformity to what was intended between the parties. And unless the case can be opened to a re-examination of testimony, so that the testimony of C. C. Mitchell can be introduced against the other defendants, or the facts set forth in the bill be otherwise legally established, making out a clear case of accident or mistake, or both, in reference to the cancellation of Mitchell's mortgage, the bill must be dismissed.