**FEDERAL NATIONAL MORTGAGE ASSOCIATION, Plaintiff,**

v.

**J. Lofton WESTMORELAND, Trustee for Pat A. Schipani, et al. Defendant.**

No. 80–9083.

United States Bankruptcy Court,
N. D. Florida,
Pensacola Division.

Aug. 4, 1981.

John P. Kuder, Pensacola, Fla., for plaintiff.

J. Lofton Westmoreland, Milton, Fla., for defendant.

## OPINION

N. SANDERS SAULS, Bankruptcy Judge.

THIS CAUSE came on for consideration pursuant to the consent of the parties to determination upon the complaint filed by the plaintiff for a declaratory judgment with respect to the interest of the defendants in certain real property and for relief from the automatic stays. Upon consideration of the pleadings, the record herein, the submissions by the parties and being otherwise fully advised in the premises, the court makes the following findings and conclusions of law.

The defendant, Schipani, is the record title holder of certain property located in Escambia County, Florida. The plaintiff, Federal National Mortgage Association, holds a valid first mortgage upon the subject property. The defendant, Financial Marketing Consultants, Inc., claims ownership of the subject property by virtue of an unrecorded warranty deed dated December 13, 1979, whereby the defendant, Schipani, conveyed the subject property to Financial Marketing Consultants, Inc. in conjunction with the obtaining of a loan for operating capital for the defendant Schipani's business. This financial transaction consisted of a sale or conveyance of property by Schipani to Financial Marketing Consultants and a lease back thereof by Financial Marketing Consultants to Schipani, together with a future option to repurchase. The defendant, Westmoreland is the lawfully authorized and acting trustee.

The operative and undisputed fact which directs a determination herein is that the warranty deed was never recorded pursuant to Florida law prior to filing of the petition herein. Pursuant to § 544(a) of Title 11 of the United States Code the trustee is constituted as a bona fide purchaser and a judicial lien creditor. Under Florida's recording statute, § 695.01, Florida Statutes, an unrecorded conveyance or transfer is void as against subsequent purchasers or judgment lien creditors unless the same has been recorded according to law. As a result, the interest in the subject property acquired by Financial Marketing Consultants, Inc. by virtue of the unrecorded warranty deed is void as against the trustee and, as provided by § 541 of Title 11, the trustee must be determined to be the owner of the subject property.

This court is not unmindful that the effect of a judgment lien creditor acquiring superior rights to the interest of Financial Marketing Consultants, Inc. in this case may seem to be and is clearly contrary to the intent of the immediate parties Schipani and Financial Marketing Consultants, Inc. But, that is the effect of the Florida recording statute which clearly provides that an unrecorded conveyance of real property shall not prevail over a subsequent bona fide purchaser or judicial lien creditor.

If, under the applicable law of the state, a subsequent bona fide purchaser or judgment lien creditor is accorded superior rights and title to those of a party holding under an unrecorded conveyance or transfer, then pursuant to federal law the trustee should be and is accorded the same status. This result obtains solely by reason of the working of the Florida Recording Act.

*McKay v. Trusco*, 198 F.2d 431 (5th Cir. 1952); *Commercial Credit Co. v. Davidson*, 112 F.2d 54 (5th Cir. 1940); *Mueller v. Ewing Bank and Trust Co.*, 5 Bankr.Ct.Dec. 288 (D.N.J.1979); 4 *Collier* (15th Ed.) § 544.02; 4A *Collier* (14th Ed.) §§ 70.50, p. 613, 70.52 and 70.53; *Sapp v. Warner*, 105 Fla. 245, 141 So. 124 (1932); *Carolina Portland Cement Co. v. Roper*, 68 Fla. 299, 67 So. 115 (1914); *Hardaway Timber Co. v. Hansford*, 245 So.2d 911 (1 DCA Fla. 1971); 1 Boyer, *Florida Real Estate Transactions* (1979), § 28.

In accordance with the foregoing, an order shall issue voiding the interest of the defendant Financial Marketing Consultants, Inc., providing that the defendant Financial Marketing Consultants, Inc. shall, according to law, have an unsecured claim against the within estate, and, directing that the trustee immediately investigate and make recommendation with respect to whether or not the value of the subject property exceeds the first mortgage lien held by the plaintiff and whether or not the property should be sold by the trustee or abandoned.