In the Matter of Emilania TOLEDO, Debtor.

BROSCO INC., Plaintiff,

v.

Emilania TOLEDO, Defendant.

Civ. No. 81–0025.

United States District Court, D. Puerto Rico.

Jan. 29, 1982.

Wilfredo Segarra-Miranda, San Juan, P. R., for plaintiff-appellant.

**916**

Julio Marrero-Ruiz, Rio Piedras, P. R., for defendant-debtor-appellee.

## OPINION AND ORDER

CEREZO, District Judge.

Plaintiff-appellant, Brosco, Inc. ("Brosco"), obtained as assignee a judgment for $17,027.93 from the Superior Court of Puerto Rico plus an award for interests and attorney's fees. This judgment was against Marcelino Monroig Rodríguez and Emilania Toledo de Monroig; the former is the debtor-appellee in this proceeding. In order to secure the judgment, Brosco obtained from the Court an order directing the Registrar of the Puerto Rico Registry of Property to record the judgment as a lien on debtor-appellee's property. According to the terms of the order, the judgment lien was to guarantee the payment of the principal amount of $17,027.93, the 8% *per annum* interest on the principal until payment—$2,107.18 on January 6, 1976—and attorney's fees in the sum of $2,424.00. These amounts were specified in the judgment, in the order for attachment sent to the Registry as well as in the notices of judicial sale. On April 6, 1979 the Registrar recorded the lien for the judgment but failed to mention the amounts for the accrued interests and attorney's fees awarded to Brosco. The text of the entry only mentioned the amount of the principal, no mention was made of any interests or fees awarded with the judgment.

After obtaining mandate from the Superior Court of Puerto Rico to execute the judgment attached to debtor-appellee's property, Brosco posted and published the Notices of Judicial Sale as required by Rule 51.8 of Puerto Rico's Rules of Civil Procedure. Puerto Rico Laws Annotated, Title 32, App. III, R. 51.8. The judicial sale was set for December 20, 1979, and, as appears from the record before this Court, the mandate for execution and the notices of sale also included the amounts granted for interests and attorney's fees. The judicial sale was never carried out since the proceedings were stayed when the debtor-appellee filed on December 19, 1979 a Petition in Bankruptcy under a Chapter 13 proceeding,[1] 11 U.S.C. Secs. 362, 1301. Brosco then filed a proof of claim in the bankruptcy proceeding for the amounts specified in the judgment which at that moment added up to $25,-645.57. Debtor-appellee objected to the secured status of that part of Brosco's claim that did not appear in the recording of debtor's property at the Registry when the petition was filed.[2] The trustee of the proceeding, Mr. Rafael Ocasio, did not object to the claim nor has he expressed his position before this Court.

The Bankruptcy Court examined the local law and concluded that Brosco's claim was secured up to the amount of $17,027.93 since this was the only amount that appeared in the Registry's recording at the time the petition in bankruptcy was filed. The Court examined Article 264 of the Puerto Rico Mortgage Law ("Mortgage Law"), Puerto Rico Laws Annotated, Title 30, Sec. 441,[3] and determined that the correction of the Registry's recording did not have retroactive effect. Since the correction was made after the petition was filed, the Court decided that the amounts for interests and fees not included in the text of the recording were not secured. Appeal is sought by Brosco from that order pursuant to 28 U.S.C. Sec. 1334.

Although the order appealed does not mention the section of the Bankruptcy Code

---

1. The record before this Court is contradictory as to whether debtor-appellee later changed to a Chapter 7 or a Chapter 11 petition. See complaint paragraph 1; debtor-appellee's memorandum paragraph 8.

2. The omission was corrected by the Registrar on October 28, 1980.

3. "Sec. 441. Effect of Correction; rights of third persons.

The portion corrected shall in no case produce any effect except from the date of correction, without prejudice to the right of third persons to object on account of the falsity or nullity of the deed referred to in the record which contained the error of construction or on account of that of the record itself."

("Code") that entitles a debtor to object the secured status of a claim, we assume that the underlying authority that the Court considered in permitting debtor-appellee's objection was the powers granted to "any party in interest" by 11 U.S.C. Sec. 502 to object to the allowance of claims. The Court apparently considered the debtor as included in the "any party in interest" category of 11 U.S.C. Sec. 502. Even though the Code does not define this phrase some bankruptcy courts have been flexible in extending its coverage in order to guarantee adequate fairness in the proceedings. See: *In re Citizens Loans & Thrift Co.*, 7 B.R. 88, 3 C.B.C.2d 132 (Bkrtcy.ND, Iowa 1980); 4 *Collier on Bankruptcy*, Sec. 502.01 (15th ed.). Regardless of the wisdom of permitting the debtor to object to a claim under Sec. 502 and notwithstanding the fact that the debtor-appellee's objection in this case was directed at the secured status of the claim and not at whether the claim itself was allowable, we consider erroneous the order of the Bankruptcy Court.

■ The power granted to any party in interest by 11 U.S.C. Sec. 502 is not boundless. One of the limits is that the objection to the allowability of a claim must be based on the unenforceability of the claim against the debtor or property of the debtor under any agreement or applicable law. If the claim can be disallowed under local law by a defense that the debtor may have in a non-bankruptcy proceeding (i.e. usury) then the bankruptcy court may deny the allowance of the claim based on that defense. 11 U.S.C. Sec. 502(b)(1). See: *Yutterman v. Stenberg*, 86 F.2d 321 (8th Cir. 1936); B. Weintraub & A. Rosnick, *Bankruptcy Law Manual*, Sec. 505.(1)(A) (1980). A trustee objecting as party in interest under this section would be able to use any defenses available to the debtor. *Collier, supra*, Vol. 3, Sec. 502.02(1). However, the trustee, in addition to having the advantages that Section 502 grants to any party in interest, may of course use his avoiding powers under the so-called "strong arm clause" of the Code, 11 U.S.C. Sec. 544. This section confers upon the trustee all the rights that a creditor with a judicial lien or a hypothetical *bona fide* purchaser of real property may have under local law, *Collier, supra*, Vol. 4, Sec. 544. In the present situation, trustee Rafael Ocasio would be a third-party creditor protected by the Registry (tercero registral) and, according to Article 264 of the Mortgage Law, would have been able to avoid that part of Brosco's judgment lien that did not appear in the text of the recording. Nevertheless, if this had been the case the trustee would have been relying on the powers conferred by the strong arm clause of Section 544 and not upon the "any party in interest" objection to the allowability of a claim provided for by Section 502. The difference between the powers conferred by this section and the functions and powers conferred to the trustee under other sections of the Code was recently recognized by the Bankruptcy Court of California in *In Re Foster*, 11 B.R. 476, 4 C.B.C.2d 763 (Bkrtcy.SD, Cal.1981).

■ In the proceeding before this Court the trustee has not made any objection to the secured status of Brosco's claim. Neither is there any indication in the record that the situation is one of a debtor in possession in a Chapter 11 proceeding whereby most of the trustee's powers are granted to the debtor, 11 U.S.C. Secs. 1101(1), 1107(a). The record also fails to indicate the necessary elements to justify an exercise by the debtor of the trustee's transfer avoiding power in order to secure an exemption when the trustee fails to do so, 11 U.S.C. Sec. 522(f)(g). Debtor-appellee has not claimed the impairment of any exempted property or the failure of the trustee to protect it. See: *In Re Saberman*, 3 B.R. 316, 1 C.B.C.2d 671 (Bkrtcy. 1980). Besides these situations, we have not found any indication in the Bankruptcy Code or in the legislative record that Congress intended to confer upon the debtor all the powers and advantages provided to the trustee by the "strong arm clause" of the Code. Dealing with a similar situation, a bankruptcy court in Colorado concluded that a Chapter 13 debtor did not have the strong arm power of the trustee. The Court considered that a lien avoidance pow-

er concurrently held by debtor and trustee would create difficulties in the proceedings and hinder the trustee's control over lien avoidance litigation. The Court examined the pertinent legislative record and concluded that when Congress intended the debtor to exercise the powers of a trustee in Chapter 11 it explicitly so stated as in Sec. 1107(a) and that if such were the congressional intent an analogous section would be present in Chapter 13. *In Re Norman L. Carter*, 2 B.R. 321, 1 C.B.C.2d 381 (Bkrtcy. Colo., 1980).

In the present case, in order to apply Article 264 of the Mortgage Law, *PR Laws Annotated*, Title 30, Sec. 441, the Bankruptcy Court had to invest upon debtor-appellee the characteristics of the hypothetical perfect lien creditor provided to the trustee by the strong arm clause of the Code, 11 U.S.C. Sec. 544. The trustee endowed with these characteristics is the only person entitled to the third party creditor protection of the Registry (tercero registral) in the situation before us. Article 264 of the Mortgage Law could then be used by the trustee to object to the secured status of that part of Brosco's claim not included in the text of the recording. The Bankruptcy Code, however, does not contain a disposition that would permit the debtor to assume the powers of a trustee in this type of situation. Since the debtor's objection is made pursuant to the "any party in interest" provision of Section 502, the debtor can only avail himself of those defenses available to debtor under local law. 11 U.S.C. Sec. 502(b)(1). The debtor-appellee is not a third party within the meaning of Article 27 of the Mortgage Law, *P.R. Laws Ann.*, Tit. 30, Sec. 52, nor can debtor-appellee claim ignorance of the judicial reality that was omitted by the Registrar. See: *Pascual v. Fernández Sierra*, 108 D.P.R. 426, 435 (1979). The Bankruptcy Court erred in applying to debtor the protection afforded by the Registry of Property and Article 264 since debtor is not a third party creditor according to the Mortgage Law of Puerto Rico. Neither will this Court, absent a specific authority, grant to the debtor the powers of a trustee under Section 544 in a situation such as this one.

Accordingly, the Bankruptcy Court's order is reversed and the case is remanded for further proceedings.

SO ORDERED.