1998 ME 69

**CALASKA PARTNERS L.P.**

v.

**Jack Allen McCLINTICK, et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 9, 1998.
Decided March 27, 1998.

William H. Leete, Jr., Peter H. Froelicher, Leete & Lemieux, Portland, for plaintiff.

Steven E. Cope, Cope & Cope, Portland, for defendants.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

WATHEN, Chief Justice.

[¶ 1] Defendants Jack and Alice McClintick appeal from the judgment of the Superior Court (York County, *Fritzsche, J.*) ordering the reinstatement and foreclosure of a mortgage on their property. The McClinticks contend that there was insufficient evidence to support the court's judgment and that the court erred in considering a posttrial affidavit to calculate the interest due on the mortgage note. Finding no error, we affirm the judgment.

[¶ 2] The relevant facts may be summarized as follows: In 1988, the McClinticks cosigned a $200,000 demand note to evidence a debt to Maine National Bank so that their son could purchase drilling equipment for use in his business. As security for the note, the McClinticks executed a mortgage on their home. Although payments totaling approximately $40,000 were made on the note through November of 1990, no payments have been made since then, and the remaining principal balance is $156,356.84.

[¶ 3] Following the financial failure of Maine National Bank in 1991, its successor bank discovered that, although three quarters of the demand note remained unpaid, an employee of the bank had filed a discharge of the McClinticks' mortgage in the registry of deeds. Once the discharge was discovered, the bank employee who signed it filed an affidavit in the registry of deeds stating that the mortgage had been discharged in error. The bank then instituted foreclosure proceedings against the McClinticks.

[¶ 4] In 1993, plaintiff Calaska Partners L.P. purchased the McClinticks' demand note and mortgage and was substituted as plaintiff in the original complaint for foreclosure. In September of 1996, Calaska filed a second amended complaint for foreclosure to include a claim for equitable reinstatement of the discharged mortgage.

[¶ 5] The case was heard by the court and judgment issued for Calaska on its claim for reinstatement of the mortgage and its demand for foreclosure. The court ordered Calaska to submit its request for attorney fees and to submit a "sheet demonstrating how the claimed total interest figure was derived."

[¶ 6] In response to the court's request, Calaska filed the affidavit of Alyn Byrne, general partner of Calaska. Although the McClinticks objected to the introduction of the affidavit, the court accepted the document and in its amended judgment ordered that as of March 24, 1997, a total of $265,502.12 was due to Calaska, with $40.17 interest accruing daily. The McClinticks now appeal from the court's judgment.

[¶ 7] An equitable claim for the reinstatement of a mortgage that has been discharged by accident or mistake will be granted so long as "such relief does not operate to the detriment of intervening rights of third persons who may have relied upon the release and who are not chargeable with notice of the mistake or who will be prejudiced by reinstatement of the lien." *Maine National Bank v. Morse*, 30 B.R. 52, 56 (citing *Federal Land Bank of Springfield v. Smith*, 129 Me. 233, 237, 151 A. 420 (1930)). The McClinticks do not dispute that there are no third party rights in jeopardy in this case. Thus, the only issue before the court was whether or not the mortgage was discharged in error.

[¶ 8] In its order, the court concluded that it "was convinced by both a preponderance of the evidence and clear and convincing evidence that the discharge was in error and that the mortgage should be reinstated." Contrary to the McClinticks' contentions, there was sufficient evidence to sustain the court's judgment under either standard. We therefore need not address their additional argument that we should adopt a clear and convincing burden of proof

in claims seeking equitable reinstatement of a mortgage.

[¶ 9] The McClinticks next contend that Calaska failed to introduce credible evidence of the amount of interest that accrued on the outstanding balance of the original demand note. They argue that the court improperly considered Calaska's post-trial affidavit. It is true that, in his affidavit, Byrne conceded that the calculation presented at trial was erroneous, and that he recalculated the interest due. Beyond illustrating the method of calculation, the affidavit contained nothing other than that which was either a matter of record or properly subject to judicial notice. The court committed no error in considering the affidavit in calculating the outstanding interest due on the principal. *See Northeast Bank & Trust Co. v. Soley,* 481 A.2d 1123, 1128 (Me.1984).

The entry is:

Judgment affirmed.