**In re C. Gordon HENDERSON and Dawn T. Henderson, Debtors.**

**Jeff Macleod, Trustee, Plaintiff,**

v.

**Suntrust Bank Northwest Georgia f/k/a Trust Company Bank of Northwest Georgia, N.A., Defendant.**

**Bankruptcy No. 01–41869–CRM.**

**Adversary No. 02–5046.**

United States Bankruptcy Court,
N.D. Georgia,
Rome Division.

Oct. 22, 2002.

Jeff Macleod, Rome, GA, for Plaintiff.

Daniel M. Roper, Smith, Shaw & Maddox, LLP, Rome, GA, for Defendant.

## ORDER

C. RAY MULLINS, Bankruptcy Judge.

This adversary proceeding is before the Court on the cross-motions for summary judgment of the Chapter 7 trustee, Jeff Macleod (the "Trustee"), and Suntrust Bank Northwest Georgia (the "Bank"). The parties seek a determination of whether the Bank's interest in C. Gordon Henderson's (the "Debtor") real property is superior to the Trustee's interest as a hypothetical lien creditor or a bona fide purchaser pursuant to 11 U.S.C. § 544(a). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(K).

After reviewing the record, the motions, and the parties briefs, the Court concludes that the Bank is entitled to summary judgment.

### Findings of Fact

On November 18, 1993, the Debtor executed a promissory note in the principal amount of $60,750.00 in favor of the Bank (the "Note"). As collateral for the indebtedness, the Debtor granted the Bank a security interest in certain real property of the Debtor (the "Security Deed"). Prior to the maturity date, the Debtor rolled the balance due, plus an additional loan amount into a new promissory note in the principal amount of $60,250.00, with a new maturity date of November 3, 2003. The Bank recorded a Release of Deed to Secure Debt (the "Release") on November 30, 1998. In connection with the new note, on November 3, 1998, the Debtor executed a Modification of Deed to Secure Debt (the "Modification"), which was recorded on January 14, 1999. On June 21, 2001, the Bank recorded an affidavit explaining that the Release was executed in error, that the indebtedness was not satisfied, and that the Security Deed was still in full force and effect (the "Affidavit").

On August 28, 2001, the Debtor filed for relief under Chapter 7 of the Bankruptcy Code. The Trustee filed his Complaint to Determine Validity of Lien and to Preserve Lien for Benefit of Estate on June 20, 2002. Thereafter, on August 28, 2002, the Trustee filed a motion for summary judgment. On September 17, 2002, the Bank filed a response to the Trustee's summary judgment motion and a cross motion for summary judgment.

### Standard of Review

In accordance with Bankruptcy Rule 7056, the Court will grant summary judgment only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Gray v. Manklow (In re Optical Techs., Inc.)* 246 F.3d 1332, 1334 (11th Cir.2001) "Material facts" are those which might affect the outcome of a proceeding under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Furthermore, a dispute of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The moving party has the burden of establishing the right to summary judgment. *Clark v. Coats, Inc.*, 929 F.2d 604, 608 (11th Cir.1991); *Clark v. Union Mut. Life Ins. Co.*, 692 F.2d 1370, 1372 (11th Cir.1982).

In determining whether a genuine issue of material fact exists, the Court must view the evidence in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Rosen v. Biscayne Yacht & Country Club, Inc.*, 766 F.2d 482, 484 (11th Cir.1985). The moving party has the burden to establish the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *See also* Fed.R.Civ.P. 56(e). Once the movant has made a *prima facie* showing of its right to judgment as a matter of law, the nonmoving party must go beyond the pleadings and demonstrate that there is a material issue of fact which precludes summary judgment. *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548; *Martin v. Commercial Union Ins. Co.*, 935 F.2d 235, 238 (11th Cir.1991).

### Conclusions of Law

In order to determine the priority dispute, the Court must examine whether the trustee had sufficient notice of the Bank's true interest. It is well settled that although the trustee's status as a hypothetical lien creditor or bona fide purchaser is conferred by federal bankruptcy law, the trustee's rights vis-a-vis other parties is determined by state law. *Maine Nat'l Bank v. Morse (In re Morse)*, 30 B.R. 52, 54 (1st Cir.1983) (citing *McCannon v. Marston*, 679 F.2d 13 (3rd Cir. 1982); *In re Gurs*, 27 B.R. 163 (9th Cir. BAP 1983); *In re Minton Group, Inc.*, 27 B.R. 385 (Bankr.S.D.N.Y.1983); *Fed. Nat'l Mortgage Ass'n v. Westmoreland*, 19 B.R. 130 (Bankr.N.D.Fla.1981)). Pursuant to 11 U.S.C. § 544(a) (the "Bankruptcy Code"), the Trustee is granted the status of a hypothetical lien creditor or bona fide purchaser. Section 544(a) states in relevant part:

(a) The trustee shall have, as of the commencement of the case, and *without regard to any knowledge of the trustee* or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exist;

. . .

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the

time of the commencement of the case, whether or not such purchaser exists. 11 U.S.C. § 544(a)(1), (3) (emphasis added).

The phrase "without regard to the knowledge of the trustee" found in section 544(a) "does not give the trustee any greater rights than he, or any other person would have as a bona fide purchaser or creditor under applicable state law." *Morse*, 30 B.R. at 54. The phrase refers to personal knowledge that the trustee may have. *Id.* It does not affect how this Court will examine the Georgia courts' construction of the Georgia recording statute.

The Georgia recording statute states in pertinent part, "A deed may be recorded at any time; but a prior unrecorded deed loses its priority over a subsequent recorded deed from the same vendor when the purchaser takes such deed *without notice* of the existence of the prior deed." O.C.G.A. § 44-2-1 (2002) (emphasis added). It is well settled under Georgia law that "any circumstance which would place a man of ordinary prudence fully upon his guard, and induce serious inquiry, is sufficient to constitute notice of a prior unrecorded deed..." *Flatau v. Madonian (In re Sheetex, Inc.)*, 1999 WL 739628, *7, 1999 Bankr.LEXIS 1189, *17, *19 (Bankr.M.D.Ga.1999) (citing *Price v. Watts*, 223 Ga. 805, 806, 158 S.E.2d 406, 407 (1967); *Gardner v. Granniss*, 57 Ga. 539 (1876)).

Furthermore, Georgia courts have held that "the law imputes to a purchaser a knowledge of every fact which appears upon the muniments of title, or which one should inquire after in the investigation of

title." *Commodity Credit Corp. v. Wells*, 188 Ga. 287, 3 S.E.2d 642, 644 (1939). As applicable to the case at bar and as noted by the court in *Madonian*:

> [B]efore exercising the rights and powers of a hypothetical bona fide purchaser, Trustee is obliged to take note of those same circumstances prevailing at the time ... that a hypothetical purchaser of Debtor's real property would be obligated to take note of ... *If a hypothetical purchaser of Debtor's real property should have taken note of a superior interest existing in the Debtor's real property, then the prospective purchaser could not have become a bona fide purchaser.* It follows that if circumstances would prevent any hypothetical purchaser from taking Debtor's property in good faith and without notice, then there exist no "shoes" of a hypothetical bona fide purchaser at the time of the commencement of the case for Trustee to step into.

*Madonian*, 1999 WL 739628, at *6, 1999 Bankr.LEXIS 1189, at *17. (emphasis added). Accordingly, the Court must determine whether circumstances at the time of the filing of the Debtor's bankruptcy petition would have given the Trustee notice of the Bank's security interest, thereby preventing the Trustee from "filling the shoes" of a bona fide purchaser or lien creditor.

The deed records, with respect to the subject real property, contained recordings that were inconsistent and therefore interested parties should have been on notice. The record contained the following documents in the order of entry: the Security Deed, the Release, the Modification, and the Affidavit. Examined in their totality,[1]

---

1. If the record only contained the Security Deed and the Release, then it is clear that the Trustee would not have been charged with a duty to inquire further. In fact, from November 30, 1998, until January 14, 1999, when the Bank recorded the Modification, a bona fide purchaser or lien creditor could have

these record entries should have caused a prudent interested party to conduct an investigation of the title. The Trustee argues that because the Modification was executed prior to the Release, a prudent person would deduce that the Modification was superceded by the Release. The Court finds this argument unpersuasive. The date of recording of the Modification, not its execution, is most relevant in determining the priority of the competing interest. The mere existence of the Modification meant that there was an inconsistency which warranted further inquiry. In fact, examination of the Modification would have revealed the following language, "the Deed to Secure Debt is and shall remain in full force and effect." After discovering the Modification, the Trustee could not ignore the inconsistency in the record in hopes of avoiding what further inquiry would reveal. The First Circuit in *Morse* reached a similar conclusion when a bank mistakenly discharged a mortgage, but subsequently filed a certificate of foreclosure as to the mortgaged property. *Morse*, 30 B.R. at 53. The *Morse* court concluded that the existence of the inconsistent documents created a duty to inquire further. *Id.* at 55. Here, the existence of the Modification and the Release warranted further inquiry by the Trustee.

■ Although the Modification was sufficient to invoke further inquiry by the Trustee, the chain of title, as of the commencement of the bankruptcy, contained the Affidavit. This served as actual notice to the Trustee of the Bank's continuing security interest in the Debtor's real property. The Trustee contends that the recording of the Affidavit within 90 days of the filing of the bankruptcy petition served to reinstate the Security Deed. The Trustee therefore argues that the Bank improved its position, and thus a preferential

transfer occurred. This, too, is an unpersuasive argument. A preference, as defined by section 547 of the Bankruptcy Code, is a "transfer of an interest of the debtor in property." Transfer is defined in the bankruptcy code as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, . . ." 11 U.S.C. § 101(54). The Affidavit served only to inform interested parties that the Release was mistakenly entered. The Affidavit did not purport to, nor did it serve to transfer an interest or revive a lapsed interest of the Bank.

### *Conclusion*

The Court finds that the Release was mistakenly recorded by the Bank. The Court further finds that the Trustee had inquiry notice of the Bank's security interest because of the inconsistency that existed in the subject deed records. The existence of the Modification and Release meant that the Trustee had a duty to investigate the status of the title to the subject real property. The Affidavit made it clear to all interested parties that the Security Deed was unsatisfied.

For all of the foregoing reasons,

**IT IS ORDERED AND ADJUDGED** that the Defendant's motion for summary judgment be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Trustee's motion for summary judgment be and is hereby **DENIED**.

The Clerk's office is directed to serve a copy of this Order upon the Plaintiff, the Defendant and the Debtor's attorney.

taken an interest in the subject property superior to that of the Bank.