MARION W. HAYDEN *vs*. ABRAHAM JOSEPH.

Kennebec.    Opinion November 13, 1923.

*Covenants in a lease to renew are recognized as real covenants, and the right of renewal to be conditional upon the property not having been sold by lessor, must be expressed in clear and adequate language, and not left to implication.*

Covenants to renew have always been recognized as real covenants since "they add to the stability of the lessee's interest and afford inducement to permanent improvement."

In the instant case the language of the lease was not adequate to express an intent to make the right of renewal conditional upon the property not having been sold by the lessor, and such a condition should not be created by implication against the lessee.

Since the bill is brought by the original lessee, it is not necessary to decide whether the right of renewal enures to her assigns.   Even though a covenant for a perpetual renewal, it is not necessarily invalid; the weight of authority being in favor of its validity.

On appeal.    A bill in equity for specific performance.    The defendant's predecessor in title leased to the plaintiff a tenement, consisting of a store and basement, for a term of five years "with the right of renewal for five year terms as long as she may want the same," but without expressly undertaking to bind the lessor's assigns by the covenant as to renewals.

The lease also contained an option to purchase in case the lessor at any time was willing to sell the entire property.    The lessor conveyed the premises with others to the defendant subject to the plaintiff's lease which was recorded.    The plaintiff demanded a renewal in due course of the defendant, which he refused to grant on the ground that it was a personal covenant of the lessor and did not bind the defendant.    Appeal dismissed with costs.    Decree of sitting Justice affirmed.

The case is fully stated in the opinion.

*Harvey D. Eaton*, for plaintiff.

*McGillicuddy & Morey, Carl C. Jones and B. F. Maher*, for defendant.

SITTING: SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, JJ.

WILSON, J.   A bill in equity for specific performance.   One Joseph P. Sherden was the owner of a block situated in the city of Waterville consisting of stores or other tenements, and on June 18th, 1917, he leased and demised to the plaintiff one of the stores, with the basement and rear addition, for a term of five years with the right of extensions or renewals of said lease "for five year terms as long as she may want the same," including also the right to purchase the entire property in case the lessor should during the period be willing to sell, and the plaintiff be willing to pay therefor as much as anyone else. ·

On December 1st, 1919, Sherden conveyed the premises with other property to the defendant by deed with full covenants of warranty except as to "a lease to Marion W. Hayden which expires June 18, 1922."

The cause was heard by the sitting Justice, who held that Sherden and his assigns with notice, were bound to grant an extension or renewal of the lease to the plaintiff in accordance with its terms, and that the defendant was bound by these covenants.   The defendant was thereupon ordered to execute and deliver to the plaintiff a renewal of the lease for a further period of five years upon substantially the same terms except as to the right of purchase.

From this decree the defendant appealed and contends that inasmuch as the covenant for renewals does not in so many words purport to bind the covenantor's assigns, that the defendant is not bound by the same.

The appeal must be dismissed.   Covenants to renew have always been recognized as real covenants, or covenants running with the land. "They add to' the stability of the lessee's interest and afford inducement to permanent improvements."   Kent's Com., Vol. IV, 109*; Taylor's Landlord and Tenant, Sec. 332, Vol. 1, Page 386; *Piggot* v. *Mason*, 1. Page, 412; *Leppla* v. *Mackey*, 31 Minn., 75; *Laffan* v. *Naglee*, 9 Cal., 662; *Leominster Gas Lt. Co.* v. *Hillery*, 197 Mass., 267; *Hopkins* v. *McCarthy*, 121 Maine, 27, 29; 7 R. C. L., 1107, Section 22.

The plaintiff's lease was not only placed on record, but was also referred to in the conveyance to him by the lessor and expressly excepted from the covenants of warranty in the deed. He must, therefore, be held to have had notice of its terms and to be bound by all the real covenants therein contained.

The defendant also contends that the right of renewal is conditional upon the lessor not having sold the premises. If such was the purpose of the parties they did not use apt language to express their intent. The granting to the plaintiff of a preference in case the lessor became willing to sell the *entire property* was simply additional to the right to extend or renew the lease of the part occupied by her. There is no language indicating a purpose to make the right of renewal conditional upon the retention of the property by the lessor. Such a condition will not be created by implication as against the lessee.

It is further urged that if the covenant runs with the land, it also enures to the benefit of the lessee's assigns and creates a perpetuity and constitutes a restraint upon alienation. But covenants for perpetual renewals while not favored in law, "when they are explicit, the weight of authority is in favor of their validity." Kent's Com. Vol. IV, 109*; *Furnival* v. *Crewe,* 3 Atk., 83; *Cooke* v. *Booth Cowp.,* 819; *Willan* v. *Willan,* 16 Vesey, 84; *Rutgers* v. *Hunters,* 6 Johns, Ch. 215.

It is not necessary, however, to decide whether by the language of the original lease to the plaintiff the covenant in question is one of perpetual renewal which enures to the benefit of her assigns. This bill is brought by the original lessee. As to her right of renewal upon the same terms, we think there can be no question.

*Appeal dismissed with costs.*
*Decree of sitting Justice affirmed.*