STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-11-457
*TDW - CUM - 6/7/2013*

ROCKSTONE CAPITAL LLC,

Plaintiff,

v.

ORDER

WILLIAM BOYLE, et al.,

Defendants.

**STATE OF MAINE**
Cumberland ~ Clerk's Office

**JUN 07 2013**

# RECEIVED

Before the court is plaintiff Rockstone Capital LLC's motion for summary judgment seeking to foreclose a mortgage which it holds on residential property belonging to William and Carol Boyle. This motion was originally filed in March 2012 but was stayed by the Boyles' bankruptcy filing. The court was informed on April 4, 2013 that the Boyles' bankruptcy case had been dismissed.

In opposition to Rockstone's motion, William Boyle submitted a document entitled "motion of William and Carol Boyle for summary judgement of dismissal."[1] Party in interest Kenneth Ray also opposed the motion and contends that he is the assignee of a mortgage that has priority over the mortgage sought to be foreclosed by Rockstone.

### Priority as between Rockstone Mortgage and Kenneth Ray Mortgage

As far as the court can tell, the facts bearing on the respective priorities of the Rockstone mortgage and the Kenneth Ray mortgage are undisputed. William Boyle

---

[1] William Boyle is not an attorney and therefore cannot represent Carol Boyle in this action. A pleading signed by William Boyle and not Carol Boyle applies only to William Boyle.

personally guaranteed certain indebtedness of a company called Rainmaker Inc. Ray does not contest that Rockstone is ~~Rockstone contends that it is~~ the current owner and holder of the Rainmaker note and has been assigned William Boyle's guaranty.

To further secure the Rainmaker indebtedness William and Carol Boyle executed a mortgage to Rockstone covering property at 26 Orchard Road in Cumberland, Maine in October 2009. Buland affidavit Ex. 7. That mortgage was recorded in the Cumberland County Registry of Deeds on February 25, 2010 at Book 27612, page 320. Rockstone SMF ¶ 30 (admitted by Ray).[2] Ray does not dispute that Rainmaker and Boyle are in default of the obligations secured by the Boyles' mortgage to Rockstone.

Ray's competing claim is derived from a mortgage executed by William Boyle to Northeast Bank on December 4, 2008. That mortgage also covered 26 Orchard Road and was recorded in the Cumberland County Registry of Deeds on February 6, 2009 at Book 26608, page 213.[3] Ray Affidavit ¶ 2 and Ex. A. Ray is now the assignee of the Northeast Bank mortgage. Ray Affidavit ¶ 6 and Ex. C.

Rockstone does not dispute the facts set forth in Ray's affidavit. See Rockstone Reply memorandum dated April 5, 2013 at 2. However, Rockstone notes that on December 18, 2008 – after William Boyle executed the December 4, 2008 mortgage but before that mortgage was recorded – Boyle conveyed 26 Orchard Road to himself and to Carol Boyle in joint tenancy. Ray Affidavit Ex. B. That deed was recorded on December 26, 2008 in the Cumberland County Registry at Book 26518, page 150 – also before the Northeast Bank mortgage was recorded. As a result, Rockstone contends, the Northeast Bank mortgage held by Ray only has priority with respect to William Boyle's undivided

---

[2] The February 25, 2010 date is found on the last page of Ex. 7 to the Buland Affidavit.

[3] The date of recording is found on the last page of Ex. A to the Ray Affidavit.

2

one-half interest and that Carol Boyle's undivided one-half interest is subject to Rockstone's mortgage recorded a year later.

The undisputed order of transactions and recording is as follows:

1. December 4, 2008 – William Boyle executes mortgage to Northeast Bank covering 26 Orchard Road at a time when he was the sole owner of that property.[4]

2. December 18, 2008 – William Boyle executes deed conveying 26 Orchard Road to himself and Carol Boyle in joint tenancy.

3. December 26, 2008 – Deed from William Boyle to himself and Carol Boyle is recorded.

4. February 9, 2009 – Northeast Bank mortgage is recorded.

5. October 27 2009 – William and Carol Boyle execute mortgage to Rockstone covering 26 Orchard Road.

6. February 25, 2010 – Rockstone mortgage is recorded.

In the court's view, when Rockstone obtained and filed its mortgage, Rockstone is not just charged with notice that a prior mortgage has been recorded that on its face covered William Boyle's interest in the property but is also charged with knowledge of the contents of that mortgage. See In re Morse, 30 B.R. 52 (1st Cir Bankruptcy Appellate Panel 1983); Hayden v. Joseph, 123 Me. 211, 122 A. 552 (1923) (where lease was recorded and referred to in deed, purchaser held to have notice of the terms of the lease).

Thus, the Northeast Bank mortgage was available in the registry for Rockstone to review. If Rockstone had read that mortgage, it would have seen that the mortgage was executed on December 4, 2008 – at a time when William Boyle was the sole record owner of the property. At a minimum the Northeast Bank mortgage was sufficient to put Rockstone on inquiry as to whether that mortgage, recorded prior to Rockstone's

---

[4] Ray Affidavit ¶ 3.

3

mortgage, placed Rockstone in a secondary position as to the entire property. See In re Morse, 30 B.R. at 55.

Accordingly, as between Rockstone and Kenneth Ray, Rockstone's motion for summary judgment is denied. Ray did not cross-move for summary judgment but on this record Rockstone is only entitled to foreclose a mortgage interest that is subordinate to the Northeast Bank mortgage held by Ray. As a practical matter, as discussed below, this means that Rockstone is only entitled to foreclose the Boyles' right of redemption.

Argument Raised by William Boyle

William Boyle's "motion for summary judgement of dismissal," is based on the contention that there is yet another mortgage, this one held by Evergreen Credit Union, which is superior to Rockstone's mortgage. Attached to Boyle's motion is a copy of a mortgage to Evergreen Credit Union which appears to have been executed on March 22, 2004 and recorded on April 1, 2004. Although Boyle has not submitted an affidavit or a certified copy of that mortgage, Rockstone does not disagree that the Evergreen mortgage is superior to its mortgage.[5]

Boyle contends that Rockstone was required to set forth the priorities of all the other parties in interest and that the omission of Evergreen Credit Union is a basis for denial of summary judgment and dismissal of the case. The court disagrees. In pertinent part 14 M.R.S. § 6321 states as follows:

> Parties in interest having a superior priority may not be
> joined nor will their interests be affected by the proceedings,
> but the resulting sale under section 6323 is of the defendant
> or mortgagor's equity of redemption only.

---

[5] See Plaintiff's Reply Memorandum to Motion of William and Carol Boyle for Summary Judgment of Dismissal, dated April 5, 2012 at 2.

As a result, the failure to join Evergreen Credit Union does not affect Rockstone's ability to proceed in this case. However, because Rockstone comes behind Evergreen (and behind Kenneth Ray), it can only foreclose on the Boyles' equity of redemption.

Remaining Issues

Apart from their argument that Rockstone had failed to join Evergreen Credit Union, the Boyles did not file a statement of material facts or any affidavits in opposition to Rockstone's motion for summary judgment. However, pursuant to Rule 56(j) the court is obliged to independently determine that the notice and service requirements of 14 M.R.S. § 6111 and the Maine Rules of Civil Procedure have been complied with, that Rockstone has properly certified ownership of the mortgage note and produced evidence of the mortgage note and mortgage and all relevant assignments and endorsements, and that mediation, when required, has been completed.

The court finds from the summary judgment record and the court file that the notice and service requirements of the Maine Rules of Civil Procedure have been complied with and that mediation has been completed. Rockstone has also produced evidence of its mortgage.

However, with respect to evidence of all assignments of the note, Rockstone's showing falls short. The note was originally given to Fleet Bank of Maine. Rockstone has submitted evidence that the note was ultimately assigned to Rockstone by the Bank of America, but the intermediate steps from Fleet Bank of Maine to Bank of America have not been adequately covered.

While Rockstone has submitted a copy of an approval by the Comptroller of the Currency for a merger of Fleet Bank of Maine into Fleet National Bank (certified to be a

5

true copy by Rockstone's attorney), it has not submitted evidence that the merger – once approved – actually happened.

Rockstone has also submitted evidence of the approval of the acquisition of Fleet National Bank, as a subsidiary of FleetBoston Corporation, by Bank of America. However, it has not demonstrated by evidence admissible for purposes of summary judgment that (1) the acquisition of Fleet National Bank was not just approved but actually took place and (2) that, once Fleet National Bank was acquired by Bank of America, Fleet National Bank either was merged into Bank of America or assigned the note to Bank of America.

Rockstone has also demonstrated that it sent a notice of default complying with 14 M.R.S. § 6111 to the Boyles (Steigelman Ex. 1). However, under § 6111(1) Rockstone was not entitled to enforce its mortgage until 35 days after (1) the notice was received by certified mail or (2) the post office last attempted to deliver the certified mail or (3) the notice was sent by ordinary mail and was received by the Boyles. In the case of ordinary mail, Rockstone may conclusively prove receipt three days after a post office certificate of mailing to the Boyles. See 14 M.R.S. §§ 6111(3)(A), 6111(3)(B).

Moreover, given that the notice of default stated that the Boyles had until July 11, 2011 to cure the default, notice arguably had to be given 35 days prior to July 11.

On this record Rockstone has not demonstrated when notice was given within the meaning of § 6111. The summary judgment record does not contain evidence as to when the post office last attempted delivery of the notices sent by certified mail,[6] and while the Steigelman affidavit certifies that the notice was also mailed by first class mail, it does not say when that occurred and does not demonstrate that Steigelman has

---

[6] Additional evidence of mailing may be attached to the complaint, but on summary judgment the court can only look to evidence referred to in the statements of material facts.

6

personal knowledge of the mailing. No post office certificate of mailing has been submitted.

The court notes that Rockstone did not have to accelerate the debt because the entire amount was already due, but it still has to show that timely notice was given before it sought to enforce the mortgage by filing this action.

On issues relating to the assignment of the note and the receipt of the notice of default, the court will deny the motion or summary judgment without prejudice to Rockstone's ability to renew its motion within 45 days upon a proper showing as to those issues. In this connection, Rockstone will not be required to refile a statement of material facts except as to the specific issues on which its existing showing has been found inadequate.

The entry shall be:

Plaintiff's motion for summary judgment is denied to the extent that plaintiff has asserted that plaintiff's mortgage is entitled to priority over party-in-interest Kenneth Ray with respect to an undivided one-half interest in the property. Plaintiff's motion for summary judgment is otherwise denied without prejudice. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: June 7, 2013

Thomas D. Warren
Justice, Superior Court

7

------------------------------------------------------------------------

01 0000003895            NORTON, TIMOTHY
___ 53 EXCHANGE ST PO BOX 597 PORTLAND ME 04112-0597
    F      ROCKSTONE CAPITAL LLC                    PL        RTND    09/16/2011

02 0000003453            WOLF, ALAN
___ PO BOX 1292 PORTLAND ME 04104
    F      KENNETH RAY                              PII       RTND    10/25/2011

03 0000004672            STEIGELMAN, TIMOTHY E
___ 53 EXCHANGE ST PO BOX 597 PORTLAND ME 04112-0597
    F      ROCKSTONE CAPITAL LLC                    PL        RTND    09/16/2011